OLIVER N. PELTON *vs.* DAVID GOLDBERG ET UX.

First Judicial District, Hartford, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Having once told the jury that the second count of the complaint was withdrawn and that the plaintiff made no claim thereunder, the trial judge is not obliged to repeat such information in his charge, especially in the absence of any request to do so.

The plaintiff sought to recover from both husband and wife a balance due for goods sold and delivered. The husband admitted his liability but the wife contested hers. Two forms of a plaintiff's verdict, exactly alike except that the caption in one ran against both defendants and in the other against the defendant husband only, were submitted to the jury after a full explanation by the trial court, and without any objection on the part of the defendants; and the jury filled out and returned the one the caption of which ran against both defendants. *Held* that under these circumstances the defendants could not now question the form of the verdict, because it did not expressly state in so many words in the body of the verdict of whom the recovery was to be had, nor could they complain of the action of the trial court in treating it as a verdict against both of them and in ordering judgment to be rendered accordingly.

In preparing forms of verdict for use by a jury in a case in which the recovery may be had against one or both defendants, it is the better practice to state therein whether the recovery is to be had *of the defendants*, or *of the defendant John Doe only*.

A mere clerical error in a judgment-file may be corrected by order of the court after hearing the parties, even after the adjournment of the session at which the case was tried.

Submitted on briefs October 6th—decided October 27th, 1908.

ACTION to recover a balance due for merchandise sold and delivered, brought to the Superior Court in Hartford County and tried to the jury before *Shumway, J.;* verdict and judgment for the plaintiff, and appeal by the defendants. *No error.*

*Sidney E. Clarke* and *Louis H. Katz,* for the appellants (defendants).

*Leslie W. Newberry* and *Richard J. Goodman,* for the appellee (plaintiff).

HALL, J. The complaint contained two counts. The first charged the defendants, who are husband and wife, with a joint indebtedness to the plaintiff in the sum of $1,352.23, as the balance of an account extending over a period of some two years, the debits in which amounted to nearly $7,000. The second count charged the defendants with such indebtedness as copartners.

At the close of the plaintiff's evidence, the defendants moved for a nonsuit upon the second count of the complaint. Plaintiff's counsel thereupon stated that the second count was withdrawn. The court so informed the jury, and told them that the plaintiff made no claim under that count. The defendants now complain because the court did not in its charge instruct the jury that the second count had been withdrawn.

It was not necessary for the trial judge to repeat in his charge what he had before clearly informed the jury. If the plaintiff desired him to do so he should have so requested him. Indeed, the court in its charge did tell the

jury that the case they were "called upon to try" was that "set up" in the first count.

Two forms of a plaintiff's verdict were given to the jury as they retired to consider the case. In the caption of one, the case was entitled "Oliver N. Pelton *vs.* David Goldberg *et al.*," and below this was the following: "In this case the jury find the issues for the plaintiff, and therefore find for the plaintiff to recover ———— dollars damages." The second was like the first, excepting that the words "*et al.*" after the defendant David Goldberg's name, in the first, were omitted in the second, and David Goldberg was the only defendant named in the second. At the close of his charge the trial judge called the attention of the jury to these two forms, and told them that since it was admitted that they must return a verdict for the plaintiff against Mr. Goldberg, one of these two forms should be used by filling in the blank space in the one adopted, with the amount found to be due the plaintiff, and explained to them that the first form should be used if they found Mrs. Goldberg, as well as her husband, liable for the account, and the second if they found Mrs. Goldberg not liable. The verdict returned and accepted by the court was upon the first of said forms. One of the defendants' reasons of appeal is, in substance, that the court erred in accepting this verdict, since it does not state from which of the defendants the plaintiff is to recover, nor that he is to recover from both of them.

We have no reason to think that the jury did not fully understand the instructions of the court regarding the two forms of verdict, nor that, in using the form they did, they did not intend to render a verdict against both defendants. It would have been better, in preparing the two forms of verdict, to have stated in both the correct title of the case, namely, Oliver N. Pelton *vs.* David Goldberg *et ux.*, and to have inserted after the word "recover" the words *of the defendants*, in the first, and the words,

*of the defendant David Goldberg only,* in the second. General Statutes, § 594. But having remained silent when these forms were explained and delivered to the jury, and when the verdict was returned and accepted, the defendants cannot now be heard to question the form of the verdict rendered. The trial court properly treated it as a verdict against both defendants. *Houston* v. *Ladies Union Branch Asso.,* 87 Ga. 203, 13 S. E. 634.

It appears from the record that the verdict in the form above stated, having been accepted on March 5th, 1908, the trial court directed the clerk to enter judgment against both defendants, but that the judgment-file, dated March 10th, 1908, as prepared by the clerk, contained this language: "Whereupon it is adjudged that the plaintiff recover of the defendant thirteen hundred fifty-two and twenty-three one hundreths dollars," etc.; that on the 13th of April, 1908, the court, *Judge Shumway* presiding, heard all the parties upon the plaintiff's application to correct the judgment-file by adding the letter "s" to the word defendant, and granted the application.

Although the defendants have not made this action of the court a reason of appeal, and have only complained of it in their brief, we deem it proper to say that there was nothing irregular in so correcting a mere clerical error, even if the correction was made after the adjournment of the session at which the case was tried.

Other assignments of error are too clearly unfounded to merit discussion.

There is no error.

In this opinion the other judges concurred.