LOUIS MILLER *vs.* ADOLPH PERLROTH ET ALS.

* First Judicial District, Hartford, May Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

In an action for conspiracy to cheat and defraud the plaintiff, the trial court instructed the jury that it might find against any two defendants specifically, or against all three of them, and the jury rendered a verdict against one defendant by name followed by the words "et al." which was the abbreviation used in the caption instead of "et als." *Held* that under these circumstances the jury must have intended, in omitting to name any two of the defendants, to include all three of them, and that the defendants themselves so understood when the verdict was read and accepted.

Representations concerning the value of property which might ordinarily be regarded as matter of opinion, if made in furtherance of a conspiracy to cheat and defraud, are to be regarded as representations of fact. This principle applies as well to those who acquiesced in the false representations as to those who made them.

The trial court may charge that the complaint, if proved, is sufficient to sustain a verdict, and is not bound to attempt a definition of fraud in general terms.

Counsel may be limited to one hour in argument, and a motion for an extension of time is addressed wholly to the discretion of the trial court.

While rights of a releasor of which he was ignorant are not released by general words annexed to a release of another and different claim, nevertheless the question of such ignorance is one of fact for the jury, and should not be taken therefrom by the court.

In computing damages in an action of conspiracy for inducing the purchase of land for improvement, a charge that the jury might take into consideration the amount of expenditures and obligations

---

* Transferred from the third judicial district.

incurred for materials by the plaintiff, should be qualified by instructions to deduct therefrom the market value of such materials as are left.

An unqualified discharge of one of several joint tort-feasors is a discharge of all.

Argued May 12th—decided June 10th, 1920.

Action to recover damages sustained by the plaintiff through an alleged conspiracy of the defendants to cheat and defraud him, brought to the Superior Court in New Haven County and tried to the jury before *Reed, J.;* verdict and judgment for the plaintiff for $5,000, and appeal by two of the three defendants. *Error and new trial ordered.*

The complaint alleges that the defendants, Perlroth, Ruderman and Cohen, entered into a conspiracy to defraud the plaintiff, and for that purpose to induce him, by false representations as to the value of certain land owned by Perlroth, to take title thereto and to give back a demand note for $20,500 secured by mortgage thereof; and by false promises of assistance on the part of Ruderman and Cohen, to induce the plaintiff to begin the construction of an expensive building thereon, and that when the plaintiff had proceeded far enough with the building to greatly enhance the value of the premises, Ruderman and Cohen were to refuse to render the promised assistance and Perlroth was to foreclose his mortgage. It also alleged that Ruderman and Cohen were to receive from Perlroth $3,000 each, for their assistance in the scheme. The complaint avers that the conspiracy was substantially carried into effect as alleged, and that the plaintiff has been foreclosed from the premises, has been compelled to execute without consideration a note for $5,000 secured on his own land payable in instalments to Perlroth, and that he has been put to great expenses for materials and labor.

The defendant Perlroth answered this complaint by

a general denial, and in a second defense set out a general release and discharge in writing, alleging that it discharged the cause of action in suit. The defendant Cohen died after suit was brought and his administrator, Nathanson, also pleaded a general denial and claimed the benefit of the written release. The plaintiff in reply alleged that the release related to another transaction, and that it was delivered to Perlroth's attorney to be held in escrow and not to be delivered as a release until the plaintiff had an opportunity to consult with counsel; and that after the conference with counsel plaintiff notified the defendant's attorney not to deliver the release but to return it to the plaintiff.

The defendant Ruderman appeared, but filed no answer, and being produced as a witness admitted that he entered into the conspiracy alleged in the complaint.

The verdict of the jury as printed in the record is in the following form:—

"Louis Miller,                    New Haven County,
            vs.                        Superior Court,
Adolph Perlroth et al.        June 25, 1919.
                Plaintiff's Verdict.

In this case the jury finds the issues for the plaintiff, and therefore finds for the plaintiff to recover of the defendant Adolph Perlroth et al., $5,000 damages."

Within twenty-four hours the defendants Perlroth and Nathanson, administrator, moved to set aside the verdict because it was void for uncertainty, and afterward moved in arrest of judgment for the same reason. These motions were denied, and the defendants Perlroth and Nathanson, administrator, appealed from the denial of these motions, and for errors in the charge which are referred to in this opinion.

*Walter J. Walsh,* for the appellant (defendant Perlroth).

*Samuel J. Nathanson,* for the appellant (defendant Nathanson, administrator).

*Charles S. Hamilton,* with whom, on the brief, was *Jacob P. Goodhart,* for the appellee (plaintiff).

BEACH, J.  The motions to set aside the verdict and in arrest of judgment were properly denied.  In *Pelton* v. *Goldberg,* 81 Conn. 280, 70 Atl. 1020, the form of verdict used by the jury was entitled "Oliver N. Pelton *vs.* David Goldberg *et al.,*" and below this was the following: "In this case the jury find the issues for the plaintiff, and therefore find for the plaintiff to recover ——— damages."  It was held that this was properly treated by the court as a verdict against both defendants, who made no objection when the verdict was returned and accepted.

It must be admitted on the authority of this case that the verdict in question would have been sufficient to hold all of the defendants if the abbreviation "et als." had been used instead of "et al."  But it is said that because the letter "s" was omitted, the verdict cannot in law include more than two of these defendants, and that it leaves it uncertain which two are included therein.

We think this criticism is too refined.  In the captions of all the papers printed in this appeal record, the case is described as "Louis Miller *vs.* Adolph Perlroth et al.," and in the charge the jury were told that if they found that the defendants Perlroth and Cohen conspired to defraud the plaintiff, then their verdict might be against Perlroth and Cohen's estate alone, or if they found that Perlroth and Ruderman so con-

spired their verdict might be against Perlroth and Ruderman alone, and the court added: "If, however, you find that all three of them were engaged in the combination to injure the plaintiff by the acts set forth in the complaint, it matters not that one of the defendants was more guilty than the others."

It seems clear, in view of these instructions, that the jury, in omitting to name any two defendants and in adopting the abbreviation used in the caption of the form supplied to them, must have intended to include all three, and we think that the conduct of the parties in making no objection at the time indicates that they must have so understood the verdict when it was read and accepted.

We take up the alleged errors in the charge of the court, so far as they are pursued on the defendants' briefs. It is said that the court erred in charging the jury as to the effect of representations of value of the real estate in question. The court charged that if Perlroth had more knowledge and better information in regard to the value of his own property, and "falsely represented the amount he had paid for it, or falsely represented what he knew was not the value of it, and that the other defendants acquiesced in these statements and aided and assisted the defendant Perlroth in involving the plaintiff in this transaction, these representations as to value are false representations of facts for which the defendant Perlroth must be held responsible. And if the others combined with him to use his representations to assist the scheme, then they are all liable. I think I might state it something like this: if the defendant Perlroth made false representations of the value of the property such as would in ordinary cases of sale be regarded as a matter of opinion and not of fact, yet if these false statements were made as a part of and in furtherance of the con-

spiracy to cheat and defraud the plaintiff as alleged in the complaint, then these false statements of opinion should be regarded as statements of facts constituting a part of the details of the alleged conspiracy to cheat and defraud the plaintiff. Of course, if the plaintiff relied on his own judgment of the value of the land and not on the representations of Perlroth, he has no reason to complain on this point, and that element in the chain of conspiracy would be wanting. The same would be true if the plaintiff relied partly on his own judgment and partly upon the representations of value."

We think this was sufficiently favorable to the defendants. In effect it charges that if the jury find that Perlroth made false representations as to what he had paid for the premises, or as to the value of them, and made them in furtherance of the conspiracy he had entered into to cheat and defraud the plaintiff, the representations are representations of fact and not opinion, and if the other defendants acquiesced in those false representations and aided and assisted Perlroth in carrying through the conspiracy, the false representations as to them are representations of fact and not opinion and parts of the detail of the conspiracy. This is a correct statement of the law. If the object of the combination is unlawful, the character of the particular means employed at any stage of its progress in order to carry it into effect is immaterial. 12 Corpus Juris, 545.

For the same reason there was no error in the charge that the plaintiff could make no complaint because of the action of the defendant Perlroth in bringing suit on the demand note for $20,500, "unless that proceeding was a part of the scheme to defraud him as alleged in the complaint." The defendant Perlroth was not entitled, as he now claims, to an unqualified charge that the plaintiff could make no complaint on that score.

It is further claimed that the court erred in failing to charge the jury adequately as to what constituted a fraud. In substance the court charged the jury that the case was distinctively one of fraud, that any general definitions of fraud would be useless because the jury had to consider only the particular fraud alleged in the complaint, "so that I say to you that, the matter of general definitions aside, the only definition of fraud to be applied in this case that will be of any help to you is to be found in this complaint. The plaintiff has defined it and stated all the details of it, that it was a conspiracy between these three defendants to cheat and defraud him in the matter stated; and if he has proved these allegations then he has proved fraud and he is entitled to recover in this case unless he has released to the defendants, of which I shall speak further."

There was no error in this. It amounts merely to saying that the plaintiff's complaint is sufficient in law to sustain a verdict and judgment based on fraud; and the court was not bound to go outside of the issues of this case and attempt a definition of fraud in general terms.

A number of objections are made to the charge, under the general complaint that the court unduly emphasized the claims of the plaintiff to the prejudice of the defendants. We find no support for this claim in the charge; but it may be well to repeat that under our practice the trial court is at liberty to comment on the evidence, and to say that in a case where the evidence justifies the verdict based on fraud, it is impossible in summing up the plaintiff's claims not to state propositions which, if found true, will be prejudicial to the defendants.

The court did not err in limiting counsel to one hour in argument; the full time provided by the rule of court

was allowed, and the motion for an extension of time was addressed wholly to the discretion of the trial court.

There are, however, two other portions of the charge which we think were erroneous and harmful. The first of these concerns the release by the plaintiff, which reads as follows: "New Haven, Connecticut, June 7, 1917. In consideration of the sum of one dollar and other good and valuable considerations received to my full satisfaction of Adolph Perlroth of the town of New Haven, I hereby release and discharge the said Adolph Perlroth from all claims and demands of every character and description which I have or ought to have against him to date, and particularly from an agreement between the said Perlroth and myself for a building loan of $5,000 which the said Perlroth had agreed to make me. In witness whereof," etc. Respecting this, the court charged the jury as follows: "Now, this claimed release on its face particularizes an agreement for a loan of $5,000, and the evidence is uncontradicted that at the time this release was signed on the 7th of June, 1917, in a discussion which took place in the office of Mr. Slade, no mention was made by either party of this cause of action for conspiracy for which suit is now brought. So far as appears by the evidence neither party to the release had it in mind or considered it, and it appears that the plaintiff did not then know of any secret agreements between Perlroth and Ruderman, or Perlroth and Cohen, for the payment to each of the sum of $3,000, and these two agreements are an essential part of the plaintiff's cause of action. Now, I will say to you that this release under these circumstances is not a release and discharge of the cause of action now sued upon, and is limited to a discharge of the contract made by the defendant Perlroth to furnish the plaintiff with the sum of $5,000; and the paper claimed

as a release of June 7, 1917, has no binding force and effect upon the plaintiff so far as recovery in this case is concerned and is no bar to this suit; and if, on the evidence irrespective of this claimed release, you find for the plaintiff, your verdict should be in his favor notwithstanding this paper, even if you find that the plaintiff freely signed it and did not recall while it was held in escrow."

It is quite true that the rights of a releasor of which he was ignorant are not released by general words annexed to a release of another and different claim. The reason is that a real as well as a verbal assent by the releasor is necessary. In such cases the assent to a general settlement and discharge is manifested, but that assent is satisfied by the discharge of all claims and demands then known to exist. 34 Cyc. 1092; 23 R. C. L. 387.

Nevertheless it was a part of the plaintiff's case to show that his cause of action was still in existence, and so when the general release was pleaded and proved, the plaintiff was bound to satisfy the jury either that it had not been delivered as a release, or that at the time it was delivered he had no reason to suspect he had been defrauded by Perlroth. This question was one of fact for the jury under all the circumstances of the case, and we think the court went too far in taking it from the jury and in directing them that the release did not discharge the cause of action sued on.

The charge on the subject of damages is in the main correct, but the statement that in computing damages the jury might take into consideration the amount of expenditures by the plaintiff and the amount of obligations incurred by him for materials and appliances in carrying out the enterprise as far as it went, should have been qualified by instructing them to deduct therefrom the market value of such materials and

appliances as remained in the plaintiff's hands when the enterprise was abandoned.

The defendant Nathanson, as administrator of the estate of the defendant Cohen, is entitled to the benefit of the release, if it be a release, of the cause of action described in the complaint. An unqualified discharge of one of several joint tort-feasors is a discharge of all. *Dwy* v. *Connecticut Co.*, 89 Conn. 74, 92 Atl. 883.

There is error and a new trial is ordered.

In this opinion the other judges concurred.