STATE OF CONNECTICUT *vs.* JAMES ESPOSITO.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued March 3d—decided April 7th, 1937.

*Franklin Coeller*, with whom was *Louis Sperandeo*, for the appellant (defendant).

*Abraham S. Ullman,* Assistant State's Attorney, and *Spencer S. Hoyt,* with whom, on the brief, was *Samuel E. Hoyt,* State's Attorney, for the appellee (the State).

MALTBIE, C. J.  The defendant was found guilty of the crime of rape and has appealed.  The evidence before the jury was clearly such that if they believed the testimony of the complaining witness they might reasonably have reached the conclusion they did.  The claim of the defendant that the commission of the crime was not physically possible in the way and under the circumstances related by the complaining witness, was one proper for the consideration of the jury and was called to their attention by the trial court in its charge.  This court certainly cannot hold that the jury could not reasonably have concluded that the claim was not well founded.  There was no error in the trial court's denial of the motion to set the verdict aside.

The defendant assigns error in the refusal of certain requests to charge dealing with the extent to which the complaining witness must have been found to have resisted the assault in order to render the defendant guilty of the crime charged.  The court in its charge stated that to constitute rape there must be an unlawful intercourse by force exerted by the man and against the will of the woman, and it explained in substantial compliance with the defendant's requests that the force must be found to be sufficient to overcome the resistance of the complaining witness, but it refused to charge as requested that the resistance must have been to "the utmost limit of her power" and that she must have made "every possible effort" to prevent the act.  Whatever the law elsewhere, it is established here that the State need not prove resistance to the extent claimed by the defend-

ant.  "The importance of the resistance is simply to show two elements in the crime—carnal knowledge by force by one of the parties, and nonconsent thereto by the other.  These are essential elements, and the jury must be fully satisfied of their existence in every case by the resistance of the complainant, if she had the use of her faculties and physical powers at the time, and was not prevented by terror or the exhibition of brute force.  So far resistance by the complainant is important and necessary; but to make the crime hinge on the uttermost exertion the woman was physically capable of making, would be a reproach to the law as well as to common sense."  *State* v. *Shields*, 45 Conn. 256, 264.

The concluding words of the charge as to the duty of the jury were not improper or unduly prejudicial to the accused.  The other claims of error in the charge do not justify discussion.  It admirably fulfilled the functions of instructions to the jury in its succinct statement of the applicable principles of law, and its reference to the claims of the parties in such a way that the jury might appreciate the bearing of those principles upon the facts they might find proven, without clouding the issue with a discussion of circumstances and evidence which were no doubt brought to the attention of the jury by the arguments of counsel.  *Corrievau* v. *Associated Realty Corp.*, 122 Conn. 253, 256, 180 Atl. 436.

There is no finding in the record as to the facts which were before the court or the circumstances advanced for its consideration when it denied the defendant's motion that a physical examination of the complaining witness be made in his behalf and, without considering whether in any case of this nature the court could or should order such an examination, it is sufficient to point out that the record affords no

basis upon which we could conclude that the denial of the motion constituted an abuse of the discretion which the court would have as to the granting or denial of such a motion. *Cook* v. *Miller,* 103 Conn. 267, 272, 130 Atl. 571. The right of the complaining witness to refuse to give testimony which might tend to degrade her was one personal to her and under the logical and better rule the defendant cannot complain of the refusal of the trial court on his motion to inform her as to her rights in that connection. *People ex rel. Smith* v. *Pease,* 27 N. Y. 45, 72; *Painless Parker* v. *Board of Dental Examiners,* 216 Cal. 285, 300, 14 Pac. (2d) 67; *State* v. *Knight,* 204 Iowa, 819, 823, 216 N. W. 104; *Ralph* v. *Brown,* 3 W. & S. (Pa.) 395, 400; 4 Wigmore, Evidence (2d Ed.) § 2196.

The defendant assigns error in numerous rulings upon the evidence. In some instances several rulings are included in a single paragraph in the finding with a single assignment of error addressed to that paragraph, which is a violation of proper practice. *Cramer* v. *Hartford-Connecticut Trust Co.,* 110 Conn. 22, 35, 147 Atl. 139. In other instances the finding fails to afford us the necessary basis for considering the rulings and to supplement it we have had to resort to the evidence printed at the request of the defendant in support of his motion to set the verdict aside, as we may do in such a situation. *Friedler* v. *Hekeler,* 96 Conn. 29, 34, 112 Atl. 651; *Garris* v. *Calechman,* 118 Conn. 112, 117, 170 Atl. 789. We have considered such of the rulings as are properly assigned as error. Only a few of them justify comment.

In her direct testimony the complaining witness testified that before the assault she had had a drink of liquor while in the company of the defendant, and on cross-examination she testified that on other occasions she had drunk liquor but never asked for a drink

of whiskey, and that she had not been in the practice of drinking liquor. The defendant then sought to inquire of her whether on certain specific occasions she had not drunk such liquors and whether on one of those occasions she had not asked a certain man for a drink of whiskey, and the court excluded the questions. That she had drunk liquor on these other occasions was, of course, not such conduct as would in itself affect her credibility as a witness. Nor did it tend to prove that on the occasion of the assault she drank more liquor than she had testified to. The question whether she had on a certain occasion asked a certain man for a drink of whiskey could only serve to affect her credit in the event that she denied it and evidence was offered by the defendant in contradiction of her statement. This would of course raise collateral issues and the trial court properly refused to admit the questions for such a purpose. *Barlow Bros. Co.* v. *Parsons,* 73 Conn. 696, 702, 49 Atl. 205; *Johnson* v. *Palomba Co.,* 114 Conn. 108, 115, 157 Atl. 902; *Lionetti* v. *Coppola,* 115 Conn. 499, 503, 161 Atl. 797.

In connection with this ruling the defendant made certain other claims as to evidence he proposed to offer, but no questions were asked calculated to substantiate those claims and we have no occasion to consider them. In defense the defendant offered testimony which he claimed would show that on a certain occasion the complaining witness met a man on the street, asked him to give her a drink of whiskey, went to his apartment with him and remained there alone with him, drinking, until 5.30 the next morning. That she had been drinking on that occasion obviously would not contradict her testimony as to the extent to which she had drunk liquor previous to the night of the assault. Nor would her remaining in the man's apartment in itself justify the jury in drawing

the inference that she had had intercourse with him, and so be relevant, as the defendant claims, upon the issue of her willingness to submit to him on the occasion in question.

On cross-examination of the complaining witness the defendant's attorney asked whether after the assault she had gone home, instead of to the hospital where she was employed, because of a certain incident which had occurred on her return to the hospital early in the morning a few days before; the State objected, but before the court could rule, she answered the question in the negative; her reason for taking the course she did was something of which only she could have direct knowledge; and it would be the height of technicality to find harmful error in the exclusion of the question in view of her answer to it.

We can find no abuse of the trial court's discretion in refusing to admit certain photographs in evidence. *Murray* v. *Gagliardi*, 105 Conn. 392, 135 Atl. 293. We find nothing to avoid the effect of the hearsay rule in the claims made by the defendant in support of the admissibility of questions asked of the defendant, testifying in his own behalf, with respect to a conversation which occurred between him and a young lady who went with him to meet the complaining witness on the night of the assault and which took place before they met her. The State called in rebuttal the county investigator and started to question him as to specific statements made by the defendant in the state's attorney's office in order to contradict testimony given by the defendant as to the conversation there held; the defendant's counsel objected to these questions on the ground that it should first appear whether or not the defendant was under arrest, but the court overruled the objection. In cross-examination of the witness defendant's counsel asked

him whether the defendant was warned that he need not answer the questions put to him and the court sustained objections to these inquiries. Both rulings were correct. No claim is made that the statements were not voluntary. The questions asked by the State were admissible whether or not the defendant was under arrest at the time; *State* v. *Ferrone*, 97 Conn. 258, 266, 116 Atl. 336; and those asked in cross-examination could have served no useful purpose in the absence of any claim that the statements of the defendant were not voluntary.

We cannot find that the trial court abused its discretion in refusing the request of defendant's counsel, made before the argument commenced, to grant him more than the hour fixed by the statute for argument, unless the court for special cause allows a longer time. General Statutes, § 5648; *State* v. *Hoyt*, 47 Conn. 518, 535; *Miller* v. *Perlroth*, 95 Conn. 79, 85, 110 Atl. 535.

There is no error.

In this opinion the other judges concurred.