DUNCAN BROWN *v.* EDWARD ALLEN ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued March 5—decision released March 12, 1974

*Raphael Korff,* for the appellant (named defendant).

*Roy W. Moore III,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action to foreclose a second mortgage. Edward Allen, the mortgagor, hereinafter referred to as the defendant, entered no appearance by the return day, the third Tuesday of August, 1972. On September 22, 1972, a default was entered against him for failure to appear. Subsequently, after hearings on November 3 and 10, 1972, the court found for the plaintiff on the allegations contained in the complaint, found the mortgage debt to be $13,855.06 and set law days for redemption by the defendant and successive encumbrancers. The law day set for the defendant was February 8, 1973.

On November 10, 1972, Attorney Raphael Korff entered a general appearance for the defendant and participated in the hearings. On November 28, 1972, he filed the present appeal on behalf of the defendant. The appeal is predicated on three basic claims. The first is that the court had no jurisdiction to act in the case because the writ, summons and complaint was signed: "The Plaintiff, Duncan Brown, By Roy W. Moore, III, Commissioner of the Superior Court." It is the defendant's contention that because the process was signed in this manner it was not in fact signed by a commissioner of the Superior Court as required by § 52-89 of the General Statutes but, rather, was signed by the plaintiff acting by an agent, and the fact that the agent sign-

ing the process for the plaintiff was also a commissioner of the Superior Court did not cure the defect nor comply with statutory requirements for the issuance of mesne process. On the same theory he further contends that the recognizance contained in the process was, because of the manner in which the writ was signed, not a proper recognizance as required by § 52-185 of the General Statutes because it was taken by the plaintiff himself, acting by an agent, rather than by a commissioner of the Superior Court. It is the claim of the defendant that for these reasons the process was a nullity, the recognizance not properly taken and the court had no jurisdiction to act in the case. His further assignments of error attack the court's findings with respect to the value of the property being foreclosed and the allowance of fees to the plaintiff's appraiser and counsel.

While the merits of the defendant's attack on the claimed technical defect in the plaintiff's writ would present a nice question, it is one which, under the circumstances, we are not required to decide. The inquiry posed in Luke 6:41[1] would be appropriate here. It appears that despite the claimed irregularity in the plaintiff's writ and summons the defendant nevertheless entered a general appearance and filed no pleading to open the default or to contest the court's jurisdiction but proceeded to contest the merits of the plaintiff's contentions and the relief which should be granted to him. Under these circumstances and the fact that the defendant failed to enter a special appearance to move to open the previous default and properly to plead his jurisdictional contentions, it must be held that the

---

[1] "And why beholdest thou the mote that is in thy brother's eye but perceivest not the beam that is in thine own eye?"

defendant submitted himself to the jurisdiction of the court and waived any right to claim that the court lacked jurisdiction over him because of any defect in the process to which he had responded. Practice Book §§ 93, 94; *Johnson* v. *Zoning Board of Appeals,* 166 Conn. 102, 108, 347 A.2d 53; *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560 n., 290 A.2d 348; *Beardsley* v. *Beardsley,* 144 Conn. 725, 729, 137 A.2d 752; *Fine* v. *Wencke,* 117 Conn. 683, 684, 169 A. 58.

The defendant's claim that the court failed to find certain facts set forth in his draft finding is not supported by any appendix to his brief nor by reference to any portion of the pleadings or any exhibit which discloses that the claimed facts were true or that their truth was conceded to be undisputed. Practice Book §§ 715, 717; *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619.

The record discloses no abuse in the discretion which the court exercised in fixing the law day and in the allowance of fees to the plaintiff's appraiser and attorney.

Although we find no error, since the judgment as rendered could not be executed pending the determination of this appeal and, in the meanwhile, the time limited for redemption and for the issuance of execution has passed and further interest on the debt has accrued, the case must be remanded with direction to determine the present amount of the debt due and to fix new law days.

There is no error; the case is remanded with direction to determine the present amount of the debt due and to fix new law days.