WHITE-BOWMAN PLUMBING AND HEATING, INC.
*v.* EDWARD A. BIAFORE

COTTER, C. J., BOGDANSKI, PETERS, PARSKEY and D. SHEA, Js.

Argued May 15—decision released August 5, 1980

*Jean L. Welty,* for the appellant (defendant).

*Thomas F. McDermott, Jr.,* for the appellee (plaintiff).

DAVID M. SHEA, J.   In this suit on a debt the plaintiff obtained judgment against the defendant after a default[1] had been entered following the denial of the defendant's motion to erase for lack of service upon him.   The defendant has appealed and has assigned as the only error claimed the denial of his motion to erase.

The plaintiff initiated this proceeding by obtaining an ex parte order for a prejudgment remedy of garnishment of any assets of the defendant held by two of his debtors.   It appears from the return that after serving the two debtors the sheriff searched for the defendant in several towns, including Cheshire where the summons indicated that he resided, but was unable to locate him in order to make service upon him.   The return further recites that service was made upon the secretary of the

---

[1] The judgment file recites that the default was entered for failure to appear.   The record indicates, however, that the defendant appeared specially on November 3, 1976, to file his motion to erase and that a general appearance was filed on July 13, 1977, after the motion to erase had been denied but before judgment had been entered.   We are not concerned with this discrepancy because the only error assigned or briefed is the ruling of the court upon the motion to erase.   In any event a judgment file may be corrected at any time to reflect what actually transpired.   *Pelton* v. *Goldberg,* 81 Conn. 280, 283, 70 A. 1020 (1908).

state as the agent and attorney for the defendant pursuant to statute, and that service was also made upon the defendant by registered mail sent to his last-known place of abode in New Haven, but the letter was returned marked "addressee unknown."

The claim of the plaintiff that service upon the defendant through the secretary of the state and by registered mail sent to his last-known address is authorized by General Statutes § 52-59b (c)[2] is unsound. The statute expressly applies only to nonresidents of this state. Not only is there nothing in the record to indicate that the defendant is a nonresident, but the summons and the sheriff's return indicate that he was a resident, although his address was unknown to the plaintiff. The defendant is correct in contending that no valid service has been made upon him which would give the court jurisdiction over his person. There is no substitute

---

[2] General Statutes § 52-59b (c) provides as follows: "Any nonresident individual, or foreign partnership, or his or its executor or administrator, over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the secretary of the state as its attorney and to have agreed that any process in any civil action brought against such nonresident individual or foreign partnership, or his or its executor or administrator, may be served upon said secretary and shall have the same validity as if served upon such nonresident individual or foreign partnership personally. Such process shall be served by the officer to whom the same is directed upon said secretary by leaving with or at the office of said secretary, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon said secretary addressed to such defendant at his last-known address. The officer serving such process upon said secretary shall leave with said secretary, at the time of service, a fee of five dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in any such action. The secretary of the state shall keep a record of each such process and the day and hour of service."

for "in hand" or abode service in accordance with General Statutes § 52-54, where jurisdiction over the person of a resident individual is sought, except with respect to suits for damages caused by motor vehicles. See General Statutes § 52-63.

The trial court concluded that the motion to erase should be denied because the court had acquired jurisdiction quasi in rem with respect to any assets of the defendant held by his two debtors, who were properly served. "Constructive service of process upon a defendant in a proceeding against specific property of that defendant within the jurisdiction will enable the court to render a decree binding on the property." *Carter* v. *Carter,* 147 Conn. 238, 241, 159 A.2d 173 (1960), overruled on other grounds, *Hodge* v. *Hodge,* 178 Conn. 308, 422 A.2d 280 (1979). "The court acts by virtue of its jurisdiction over the garnishee and its power to compel him to satisfy the execution to the extent of his indebtedness." *Parker, Peebles & Knox* v. *El Saieh,* 107 Conn. 545, 554, 141 A. 884 (1928).

In exercising quasi in rem jurisdiction the court is adjudicating the rights of persons in respect to specific property. *Shaffer* v. *Heitner,* 433 U.S. 186, 207, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977). It is essential, therefore, that reasonable notice be given and that an opportunity to participate in the proceeding be afforded to the persons whose rights may be affected. *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950). The misguided attempt of the plaintiff to serve the defendant under the authority of § 52-59b (c) was wholly ineffectual to satisfy this requirement. See *Hyde* v. *Richard,* 145 Conn. 24, 25, 138 A.2d 527 (1958).

General Statutes § 52-68 authorizes the issuance of orders of notice to the parties of the institution or pendency of all complaints "when the . . . residences of any such persons in interest are unknown to a party instituting the proceeding." From the record it appears that the plaintiff filed an application[3] for a first order of notice in accordance with this statute one week before the memorandum of decision denying the motion to erase was filed. Unquestionably the court would have been empowered to issue an order of notice to the defendant and ultimately to perfect its quasi in rem jurisdiction over any of his assets in the hands of the garnishees. The mere filing of the motion to erase did not deprive the court of its ability to take the additional procedural steps which were necessary before it might adjudicate the interest of the defendant in the property which was in the custody of the court by virtue of the garnishment. See *Felletter* v. *Thompson,* 133 Conn. 277, 281, 50 A.2d 81 (1946). A motion to erase may be granted only where the lack of jurisdiction appears on the record. Practice Book, 1963, § 94. The trial court properly denied the motion in this case because the record then indicated a valid garnishment of property of the defendant which would ripen into quasi in rem jurisdiction over the defendant's interest in that

[3] This application was never acted upon because, after it was assigned for the short calendar of July 8, 1977, the defendant filed a general appearance. The general appearance not only indicated that the defendant had actual notice of the pendency of the action, but also that he waived the necessity of any further attempt to serve him. *Brown* v. *Allen,* 166 Conn. 174, 176–77, 348 A.2d 666 (1974). It did not, however, preclude him from contesting the denial of his motion to erase upon appeal. *Coyne* v. *Plume,* 90 Conn. 293, 297, 97 A. 337 (1916).

property once the requisite notice, which the plaintiff was seeking to provide, had been given to the defendant.

There is no error.

In this opinion COTTER, C. J., PETERS and PARSKEY, Js., concurred.

BOGDANSKI, J., concurred in the result.