[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This action is brought to recover for professional legal services alleged to have been rendered at the defendant's request in connection with an attempted redemption of foreclosed property located on Main Street in Hartford in this state. The defendant moves to dismiss with an affidavit appended. In the affidavit he states that he has been a resident of Athens, Georgia residing at 7000 Smokey Road since before 1988 and had CT Page 1521 never been served or notified of this action until November, 1989 when informed by his Connecticut attorney's letter.
General Statute 52-59b provides for the method of service to obtain jurisdiction over certain nonresidents. Subsection (a) provides that "a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent (1) Transacts any business within the state . . ." The term "transacts any business" embraces a single purposeful business transaction such as the one described in the body of the complaint herein. Zartolas v. Nisenfeld, 184 Conn. 471,474. Subsection (e) provides that service be made "upon the secretary (of state) by leaving with or at the office of the secretary. . . . a true and attested copy thereof, and by sending to the defendant at his last known address, by registered or certified mail, postage prepaid, a like true and attested copy. . . ." The return of service in this case reflects that such a service was made and therefore allows the Connecticut courts to exercise personal jurisdiction over the defendant. Id., 478 ; White-Bowman Plumbing Heating, Inc., v. Biafore, 182 Conn. 14, 16.
The defendant argues that he received no actual notice from such service. The statute does not require actual notice. D'Occhio v. Connecticut Real Estate Commission, 189 Conn. 162,172.
For the above reasons, the motion to dismiss is denied.
CORRIGAN, J.