[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS #101
On December 21, 1990, plaintiff Michael Martino brough a two-count CT Page 3487 complaint against defendants Oliver Botteiller, Mary Botteiller, Lawrence Wild, Janet Champlain and David Gulick. Plaintiff alleged a violation of his civil rights.
As set out in paragraph 10 of the second count of plaintiff's complaint, defendant Champlain, an officer in the Cheshire Police Department, is being "sued in her individual capacity." Plaintiff's Complaint, p. 4. As set out in paragraph 12 of the second count of plaintiff's complaint, defendant Gulick, an officer in the Cheshire Police Department, is being "sued in his individual capacity." Plaintiff's Complaint, p. 4.
The Sheriff's Return states that Deputy Sheriff Robert S. Miller "served the within named defendant, David Gulick, by leaving with and in the hands of Sgt. Anzidei of the Cheshire Police Department, who accepted service for said defendant, a true and attested copy of the original Writ, Summons and Complaint. . . ." The Sheriff's Return further states that no service was made on Janet Champlain, and that to the best of the officer's knowledge Champlain moved out of state two years earlier.
On January 11, 1991 defendants Champlain, Gulick and Wild entered an appearance. On February 8, 1991 defendants Gulick and Champlain (hereinafter defendants) filed a motion to dismiss the plaintiff's claims against them. Defendants assert that plaintiff has failed to secure personal jurisdiction over them because of faulty service of process.
As required by Conn. Practice Book 143 (rev'd to 1978, as updated to October 1, 1990), defendants have filed a memorandum in support of their motion. Plaintiff has timely filed a memorandum in opposition.
A motion to dismiss tests whether, on the face of the record, the court lacks jurisdiction. Upson v. State, 190 Conn. 622, 624
(1983). Lack of jurisdiction, once raised, must be disposed of before the court can move any further in the cause. Castro v. Viera, 207 Conn. 420, 429 (1988) (citations omitted). The motion to dismiss is the proper way to assert insufficiency of process and insufficiency of service of process. Conn. Practice Book 1143(4), (5) (rev'd to 1978, as updated to October 1, 1990). Defects in service of process may affect a court's jurisdiction over a person. Bridgeport v. Debek, 210 Conn. 175, 179-180
(1982). A defendant may contest the court's jurisdiction even after having entered a general appearance. Conn. Practice Book 142 (rev'd to 1978, as updated to October 1, 1990).
"The service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving a true and attested copy CT Page 3488 thereof with him or at his usual place of abode." Conn. Gen. Stat. 52-54 (rev'd to 1991). "There is no substitute for `in-hand' or abode service in accordance with General Statutes 52-54, where jurisdiction is sought." White-Bowman Plumbing Heating, Inc. v. Biafore, 182 Conn. 14, 16-17 (1980).
Defendant Gulick
Defendant Gulick argues in defendants' memorandum of law that process was not personally served on him or left at his abode. Gulick argues that the portion of count two of plaintiff's complaint which is directed against him should be dismissed on the grounds of insufficiency of service of process.
Plaintiff argues that even if defendant Gulick was not properly served, the fact that he has appeared demonstrates that he was not prejudiced. Plaintiff further argues that since Gulick has not been prejudiced, the portion of the complaint which is directed against him should not be dismissed.
As earlier stated, a defendant may contest a court's jurisdiction even after having filed a general appearance. Conn. Practice Book 142. It is submitted that service on Gulick through a co-employee at Gulick's place of employment is not proper service of process.
The court concludes that the portion of the second count of plaintiff's complaint which is directed against defendant Gulick should be and is hereby dismissed on the grounds of defective service of process resulting in lack of personal jurisdiction.
Defendant Champlain
Defendant Champlain argues in defendants' memorandum of law that, because she was never served with process, the portion of count two of plaintiff's complaint which is directed against her should be dismissed on the grounds of insufficiency of service of process.
According to the Sheriff's Return, defendant Champlain was not served with process. Plaintiff again puts forth the argument that because defendant has appeared she has not been prejudiced, and that therefore the motion to dismiss should be denied. As previously discussed, this reasoning is faulty.
The court concludes that, because defendant Champlain has not been served with process, the portion of the second count of plaintiff's complaint which is directed against her should be and is therefore dismissed on the grounds of defective service of process resulting in lack of personal jurisdiction. CT Page 3489
Defendant Wild
The court may note that the portion of the second count of plaintiff's complaint which is directed to defendant Lawrence Wild remains as a viable part of plaintiff's action.
Donald T. Dorsey, Judge.