[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS DOCKET #103
The above-captioned tax appeal was brought pursuant to General Statutes 12-118, as amended by Public Act. No. 91-221, 4, claiming aggrievement from the action of the Board of Tax Review of the Town of Bloomfield, dated May 6, 1991. The appellate subject matter jurisdiction of this court derives from strict compliance with General Statutes12-118, as amended by Public Act No. 91-221, 4.
The motion to dismiss "essentially assert[s] that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." In re Baskin's Appeal from Probate, supra, 640.
The motion to dismiss is governed by Practice Book 142 through 146. Practice Book 143 provides in pertinent part: The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process . . . ." Id. A motion to dismiss may be granted only when it clearly appears on the face of the entire record that the court is without jurisdiction. In re Baskin's Appeal from Probate, supra, 640; White-Bowman Plumbing and Heating Inc. v. Biafore,182 Conn. 14, 18, 437 A.2d 833 (1980). "Jurisdiction involves the right to adjudicate concerning the subject matter in a given case. For the establishment of this right there are three essentials: first, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided must be, in substance and effect, within the issue." (Citations omitted). Telesco v. Telesco, 187 Conn. 715,720, 447 A.2d 752 (1982).
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that right. Simko v. Zoning Board of Appeals,206 Conn. 374, 377, 538 A.2d 202 (1988). These provisions are mandatory and jurisdictional, failure to comply subjects the appeal to dismissal. Id.
General Statutes 12-118, as amended by Public Act No. 91-221. 4 states: CT Page 1729
 [A]ny person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, [or] October 1, 1990, OR OCTOBER 1, 1991, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action. . . .
General Statutes 12-118, as amended by Public Act No. 91-221, 4 (emphasis added).
General Statutes 52-57 provides:
 (a) Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration of complaint, with the defendant, or at his usual place of abode, in this state.
 (b) Process in civil actions against the following- described classes of defendants shall be served as follows: (1) Against a town, upon its clerk, assistant clerk, manager or one of its selectmen; (2) against a city, upon its clerk or assistant clerk or upon its mayor or manager; (3) against a borough, upon its manager, clerk or assistant clerk or upon the warden or one of its burgesses; (4) against a school district, upon its clerk or one of its committee; and (5) against other municipal or quasi-municipal corporations, upon its clerk or upon its chief presiding officer or managing agent. . . .
General Statutes 52-57.
The sheriff's return of service shows that he served the chairperson of the Board of Tax Review and not the Town Clerk, as required per General Statutes 52-57. The Town of Bloomfield was not served with process for the above-titled action pursuant to General Statutes 52-57. The plaintiff CT Page 1730 served the chairperson for the Board of Tax Review not the Town Clerk, as is required.
In this appeal, this court shall exercise its jurisdiction only if plaintiff has strictly complied with General Statutes 12-118, as amended by Public Act No. 91-221, 4 by: (1) being aggrieved by the actions of the board of tax review, (2) commencing an appeal within two months from the time of such action, and (3) issuing a citation to such town to appear before this court.
The plaintiff has not complied with the third requirement as set out in General Statutes 12-118, as amended by Public Act No. 91-221, 4. Accordingly, the motion to dismiss is granted.
JOHN F. WALSH, J.