[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CT Page 3812 MOTION TO DISMISS #101
On December 9, 1991, the plaintiffs, Paul Castillo, Brunilda Castillo, Bernarda Castillo, William Alvarado and Winilka Alvarado filed a two count complaint against the defendants, J. P. Maguire Associates, Inc. The plaintiffs allege that while defendants performed repair work on the plaintiffs' property, the defendants were negligent and breached a contractual requirement to perform its work in a workmanlike manner.
Deputy Sheriff Robert A. Aceto's Return states in relevant part:
 SS: North Haven, December 4, 1991 Then and there by virtue hereof, I served the within named defendant, J.P. Maguire Associates, Inc., . . . by leaving with and in the hands of William G. Leone, Sales Manager and in charge of the office and principle [sic] place of business of the corporation, [a]uthorized to accept service, two (2) true and attested copies of the original Writ, Summons and Complaint with my endorsement thereon.
On January 9, 1992, the defendant filed a timely motion to dismiss and a memorandum of law in support thereof, on the ground of lack of personal jurisdiction over the defendant corporation due to insufficiency of service of process. Attached to the motion is the affidavit of William G. Leone. Leone states that on or about December 4, 1991 he was served while at his place of employment, J. P. Maguire Associates, Inc., 420 Sackett Point Road, North Haven. He states that he is employed as a Sales Manager/Estimator, that he is not a corporate officer or director, and that he is not authorized to accept service on the defendants' behalf. He also states that he informed Deputy Sheriff Aceto that he was not a corporate officer.
On March 4, 1992, the plaintiffs filed a memorandum in opposition to the motion to dismiss, accompanied by a list of businesses which have registered their trade names with the town of North Haven, the affidavit of Brunilda Castillo, and copies of correspondence which Castillo states she received from the defendant. The attached correspondence bears the defendants' name and lists the following return address: North Haven Division, 420 Sackett Point Road, North Haven, Connecticut.
The motion to dismiss is the proper vehicle to assert the court's lack of jurisdiction based on insufficiency of service of process. Practice Book 143(5). Service of process on a party in CT Page 3813 accordance with statutory requirements is a prerequisite to the courts exercise of personal jurisdiction over the party. White-Bowman Plumbing Heating, Inc. v. Beafora [Biafore], 182 Conn. 14, 16-17,437 A.2d 833 (1980); General Motors Acceptance Corporation v. Pumphrey, 13 Conn. App. 223, 227, 535 A.2d 396 (1988). The court may determine factual issues raised by a motion to dismiss. Pantlin Chananie Dev. Corp. v. Hartford Cement Bldg. Supply Co., 196 Conn. 233, 236, 492 A.2d 159 (1985).
 The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction. . . . When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction. (Emphasis added). (Citations omitted).
Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53-54,459 A.2d 503 (1983).
The jurisdictional issue in this case is determinable from the face of the record.
General Statutes 52-57 (c) states:
 (c) In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. In actions against a private corporation established under the laws of any other state, any foreign country or the United States, service of process may be made upon any of the aforesaid officers or agents, or upon the agent of the corporation appointed CT Page 3814 pursuant to section 33-200.
(Emphasis added).
The defendants point to General Statutes 52-57 (c) requiring that in actions against a private corporation, service of process must be made upon a corporate officer or director. While service was made upon Leone, he in fact is not an officer or director of the defendant corporation. The defendants argue that since service has not been made in the method prescribed by statute, the complaint must be dismissed for insufficiency of service of process and lack of jurisdiction.
The plaintiffs counter that General Statutes 52-57 (c) permits service made "upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located." The plaintiffs argue that in all correspondence which the defendants sent to the plaintiffs, the defendants held itself out as being located in North Haven and have offered no evidence to show that the North Haven office was not its principal place of business or that Leone was not in charge of it at the time of service.
The Sheriff's Return states that service was made by serving Leone while he was in charge of the office and principal place of business of the defendant corporation. The Sheriff's Return is prima facie evidence of the facts stated therein and may be contradicted. Cugno v. Kaelin, 138 Conn. 341, 343, 84 A.2d 576
(1951). However, the defendants in this case have not presented any affidavits or other documents which contradict Deputy Sheriff Aceto's statement. Further, the plaintiffs have supported the facts recited in the Sheriff's Return with an affidavit which states the Castillo received the previously mentioned correspondence and documents, listing only the defendant's North Haven address, from the defendants.
The defendants' argument is limited to a claim of improper service on a noncorporate officer or director, and ignores the issue of whether Leon was in charge of the corporation's office in the town in which the defendants' principal place of business is located thereby rendering him subject to proper service of process on its behalf. Absent any evidence to the contrary, the facts stated in the Sheriff's Return are taken as true and uncontradicted.
For the above reasons, the defendants' motion to dismiss is denied.
JOHN P. MAIOCCO, JR., JUDGE CT Page 3814-A