[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Gustavo Vaillant, filed a two-count amended complaint on December 1, 1997, against Carl LaBianca (LaBianca) and Michael Marsalisi. As evidenced by the sheriffs affidavit contained in the court file, service of process was made on the secretary of state for service on LaBianca on November 19, 1997. On the same date, a copy of the original writ of summons, amended complaint, motion to cite in labial as a party defendant and order were sent via certified or registered mail, return receipt requested, to labial at his last known address of 6 May Drive, Norwalk, Connecticut 06850.
LaBianca filed an appearance on February 2, 1998. On that date, LaBianca filed the present motion to dismiss (# 186), claiming that this court lacks jurisdiction over him because he was not served in accordance with General Statutes § 52-57(a), which provides that the writ of summons and complaint bed personally served or sent to his usual place of abode. LaBianca filed an uncertified copy of a property deed for 6 May Drive, Norwalk, which reflects that LaBianca is no longer the record owner of the property.
The plaintiff timely filed an objection to the motion to dismiss along with a copy of the sheriff s affidavit referenced above. Oral argument on this motion was originally heard on CT Page 8725 February 2, 1998, at which time the court asked for supplemental briefs on issues raised by the motion. The parties filed supplemental briefs.
While the motion was pending before the undersigned, it inadvertently appeared on Judge D'Andrea's calendar on April 9, 1998. Judge D'Andrea denied LaBianca's motion to dismiss because there was insufficient evidence in the record regarding LaBianca's last known address. On April 21, 1998, LaBianca filed a motion to reargue the motion to dismiss, asserting that evidence was submitted in conjunction with a supplemental memorandum which the court did not consider. The motion to reargue was granted on May 4, 1998, and Judge D'Andrea vacated his granting of the motion to dismiss and the original motion to dismiss is once again before the court.
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of filing an appearance." Practice Book (Rev. 1998) § 10-30." A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985). "The motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book (Rev. 1998) § 10-31.
"Where a particular method of serving process is pointed out by statute, that method must be followed." Board of Education v.Local 1282. 31 Conn. App. 629, 632, 626 A.2d 1314 (1993). " Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Id.
LaBianca argues that in order to satisfy General Statutes § 52-57 (a),[1] the plaintiff was required to serve process at LaBianca's abode. In the alternative, LaBianca argues that General Statutes § 52-59b(c)[2] requires the plaintiff to serve process at his "last known address." LaBianca contends that mailing service to the May drive address does not satisfy the "last known address" requirement. LaBianca also argues that the statute of limitations precludes this court from having subject matter jurisdiction in this case.[3]
The plaintiff argues that serving LaBianca at the May Drive address constituted proper service under § 52-59b(c). The plaintiff's argument that mailing service to LaBianca's former CT Page 8726 address satisfies § 52-59b(c) is not valid. Service of process pursuant to § 52-59b is appropriate only if the defendant is a nonresident. White-Bowman Plumbing and Heating,Inc. v. Biafore, 182 Conn. 14, 16, 437 A.2d 833 (1980). The statute does not apply to a defendant who resides in the state but whose address is unknown to the plaintiff. Id.
Although both parties make allegations in their memoranda, this court is confined to the record when deciding a motion to dismiss. Barde v. Board of Trustees. 207 Conn. 59, 62,539 A.2d 1000 (1988). The summons page on the amended complaint lists LaBianca's address as "6 May Drive, Norwalk, CT 06850." The sheriffs affidavit accompanying the writ of summons and amended complaint indicates that sheriff Pottgen mailed a copy of the writ to the "resident" LaBianca at this address "after being unable to locate said defendant at Ziven address. . . ." (Affidavit of Sheriff Siegrun G. PottZen, Plaintiff's Complaint.) LaBianca's attorney provided an affidavit which attests that LaBianca moved from the May Drive address in April of 1996, some 19 months before service was attempted. (Affidavit of M. Jeffry Spahr, Defendant's Supplemental Brief in Support of Motion to Dismiss.)
"There is no substitute for `in hand' or abode service in accordance with General Statutes § 52-54,[4] where jurisdiction over the person of a resident individual is sought. . . ." White-Bowman plumbing and heating. Inc. v.Biafore. supra, 182 Conn. 17. If LaBianca is a resident, then he was not properly served at his current abode. Although the plaintiff argues that service was proper on LaBianca as a nonresident under § 52-59b(c), the existing record lacks any allegations that LaBianca is a nonresident. See Jackson v.Hospital of Saint Raphael. Superior Court, judicial district of New Haven at New Haven. Docket No. 350481 (March 7, 1994, Fracasse, J.). Because the plaintiff has not supported its assertion that LaBianca is a nonresident, it cannot rely on service under 11 52-59b(c). Therefore, the plaintiff has not properly served LaBianca and the plaintiff's motion to dismiss is granted.
So Ordered Dated at Stamford, Connecticut, this 11 day of August, 1998.
William B. Lewis, Judge CT Page 8727