[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Cathy Rua, filed this action against the Stop and Shop Companies, Inc., (Stop and Shop) alleging that, while shopping, she was injured when she slipped and fell due to a wet substance on the floor. The complaint alleged that her injuries were caused by the defendant's negligence for causing the wet substance to be on the floor and for failing to remove the substance. Stop and Shop filed a third party complaint against the JGL Maintenance Company, (JGL Maintenance) alleging that it had hired JGL Maintenance to wash and maintain the floors at Stop and Shop. The third party complaint alleged that JGL Maintenance should, therefore, be liable to the plaintiff. JGL Maintenance, in turn, impleaded[1] Lima's Cleaning Service (Lima's Cleaning) and filed a fourth party complaint against Lima's Cleaning. The fourth party complaint alleged that JGL Maintenance had contracted with Lima "s Cleaning for Lima's Cleaning to provide the floor maintenance and cleaning services to Stop and Shop.
The marshal's return of service states that he was unable to locate Lima's Cleaning within his precinct, so, pursuant to General Statutes § 52-59b,[2] service was made on the secretary of state and by mailing a certified letter to the last known address of the Lima's Cleaning.[3] Lima's Cleaning now moves to dismiss the fourth party complaint due to lack of personal jurisdiction and insufficiency of service of process. Lima's Cleaning's position is that there is no evidence in the record that they are either a nonresident or a foreign partnership. As such, service under the long arm statute, General Statutes § 52-59b, is improper.[4] In support of its motion to dismiss, Lima's Cleaning has filed two memorandums of law. JGL Maintenance opposes the motion to dismiss. Their position is that there is sufficient evidence in the record to support a finding that Lima's Cleaning is a nonresident. JGL has filed a memorandum of law and the affidavit of Victor A. Damon, a private investigator hired to locate either Lima's Cleaning, or its owner, Claudimare Lima. The court heard oral argument on September 16, 2002. No testimony or evidence was presented. CT Page 12254
Practice Book § 10-30 provides that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so . . . by filing a motion to dismiss within thirty days of the filing of an appearance." "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991)." The motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book § 10-31(a)(5).
Valid service is necessary to give the court jurisdiction over the person. White-Bowman Plumbing Heating, Inc. v. Biafore, 182 Conn. 14,437 A.2d 833 (1980). "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Exley v. ConnecticutYankee Greyhound Racing, Inc., 59 Conn. App. 224, 234-35, 755 A.2d 990, cert. denied, 254 Conn. 939, 761 A.2d 760 (2000).
The position of JGL maintenance is that it effectuated proper service under General Statutes § 52-59b, which authorizes service on the secretary of state against nonresidents and foreign partnerships. "Where a particular method of serving process is pointed out by statute, that method must be followed. . . ." FitzSimmons v. International Associationof Machinists, 125 Conn. 490, 493, 7 A.2d 448 (1939)." The burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used." Standard Tallow Corporation v. Jowdy,190 Conn. 48, 54, 459 A.2d 503 (1983).
The plaintiff has submitted evidence that the marshal and private investigator were not able to locate Lima's Cleaning or its owner. No evidence has been submitted, however, from which the court could find that the owner of Lima's Cleaning is a nonresident, as is required by the long arm statute. From the lack of evidence submitted, the court could alternatively find that the owner of Lima's Cleaning is a nonresident, is deceased, is a resident of Connecticut who is evading process or is a resident who simply was not located by the marshal. From the evidence submitted, the court could only find, at best, that the plaintiff was not able to locate Lima's Cleaning.
Service of process pursuant to General Statutes § 52-59b is proper where the plaintiff can submit sufficient evidence that the defendant is a nonresident. Use of the statute to effectuate constructive service is CT Page 12255 not proper where the plaintiff does not know the address of the defendant. See White-Bowman Plumbing Heating, Inc. v. Biafore, supra, 182 Conn. 14.[5] The motion to dismiss of Lima's Cleaning is granted.
HOLDEN, J.