MARGARET WADE v. YALE UNIVERSITY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 7—decided February 11, 1943.

*Morris Tyler*, for the appellant (defendant).

*Joseph M. Brandon* and *Charles G. Albom*, with whom, on the brief, was *David E. FitzGerald, Jr.*, for the appellee (plaintiff).

JENNINGS, J. The plaintiff fell down a common stairway in an office building owned by the defendant and was injured. She brought suit alleging failure to provide sufficient light and had a verdict. The defendant appealed from the denial of its motion to set aside the verdict and from the judgment, claiming errors in the charge and in rulings on evidence. It is only necessary to consider the last.

The parties are not in dispute as to the factual situation under which the rulings on evidence were made. The plaintiff and her sister went to a beauty parlor on the third floor of the defendant's building in the evening. When they left, the elevators had stopped running. They started down the stairway which wound around the elevator shaft. When they

reached the landing between the third and second floors, the light was out. In attempting to proceed down the stairs to the second floor, the plaintiff missed her footing and fell, claiming that the landing was in darkness.

As has been stated in the very recent case of *Smeriglio* v. *Connecticut Savings Bank*, 129 Conn. 461, 29 Atl. (2d) 443, it is the duty of a landlord to use reasonable care to keep those parts of the building retained under his control in a reasonably safe condition. Failure to perform that duty when he has actual or constructive notice of the defect is negligence. The duty extends to the lighting of common stairways. As the statement of facts indicates, the plaintiff had offered evidence from which the jury could find all of the elements essential to her case except that of actual or constructive notice to the landlord that the light was out. It was in connection with the admission of evidence to establish this fact that the principal rulings in question were made.

Mrs. Barney, a sister of the plaintiff, testified that she accompanied the plaintiff down the stairs and went to her after her fall, and that two women and a man rushed over and one of the women, Mrs. Corrigan, asked, "What happened?" Mrs. Barney replied, "It was dark on the landing and my sister fell." Thereupon Mrs. Corrigan said, "I noticed the light was out earlier in the evening. I tried to replace the bulb, but the man who had the keys to the supply room was out of the building." The defendant moved that the testimony be stricken out on the ground that there was no evidence that the woman was an agent who could bind it by such a statement, but the court ruled that it stand subject to its being later connected up. Mrs. Corrigan was later called by the plaintiff and testified that she was employed in the building

to take care of offices on the second and third floors. Mrs. Barney then positively identified Mrs. Corrigan and the plaintiff rested. The defendant again moved to strike out Mrs. Barney's statement as to what Mrs. Corrigan said but the motion was denied.

These rulings were wrong and, in view of the plaintiff's claim that she depended entirely on this testimony for proof of notice, we are constrained to hold that it constituted reversible error. *Ballou* v. *Jewett City Savings Bank,* 128 Conn. 527, 530, 24 Atl. (2d) 260. The statement was neither an admission nor a spontaneous exclamation. It was not an admission because it was not made by an agent of the defendant either expressly or impliedly authorized to give such information. *Morse* v. *Consolidated Ry. Co.,* 81 Conn. 395, 399, 71 Atl. 553; *Haugh* v. *Kirsch,* 105 Conn. 429, 433, 135 Atl. 568; *Raffetto* v. *Warner Bros. Theatres, Inc.,* 121 N. J. L. 333, 335, 2 Atl. (2d) 595; *Waggener* v. *Fidelity Union Trust Co.,* 127 N. J. L. 146, 21 Atl. (2d) 668; Restatement, 2 Agency, §§ 286, 288, and illustration 2, p. 648. The evidence accompanying the ruling fails to show that Mrs. Corrigan had anything to do with the stairs, to say nothing of the lights. In fact, for all that here appears she may have been employed by an independent contractor.

Our leading case on the admissibility of spontaneous exclamations is *Perry* v. *Haritos,* 100 Conn. 476, 124 Atl. 44. On page 484, the necessary conditions are discussed at length. Among them is a requirement that the declaration relate to the accident or occurrence itself. This rule is also stated in 6 Wigmore, Evidence (3d Ed.), § 1754, on which the discussion in the *Perry* case is largely based. Applying the rule to the evidence admitted, it is obvious that the declaration did not relate to or characterize the accident but was simply the narrative of a past event and, as

such, inadmissible hearsay. *Baxter* v. *Camp,* 71 Conn. 245, 252, 41 Atl. 803. The plaintiff's further claim that the declarations characterized the state of mind of the witness is untenable for the same reason; they were not offered to establish her knowledge at the time they were made, for this would not help the plaintiff, but to establish the knowledge she had in the past in order to show notice to the landlord. See *Spencer's Appeal,* 77 Conn. 638, 641, 60 Atl. 289; *Smith* v. *Hausdorf,* 92 Conn. 579, 582, 103 Atl. 939; *Commonwealth* v. *Trefethen,* 157 Mass. 180, 185, 31 N. E. 961; 6 Wigmore, op. cit., § 1715.

As stated above, these rulings went to the very heart of the case and require that a new trial be ordered. It is unnecessary to discuss the other assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.