RALPH CASCELLA *v.* JAY JAMES CAMERA SHOP, INC., ET AL.

CHARLES MINOTTI [JOAN M. AUBE, ADMINISTRATRIX, SUBSTITUTED PLAINTIFF] ET AL. *v.* JAY JAMES CAMERA SHOP, INC., ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued February 3—decided April 28, 1960

*J. Warren Upson*, with whom was *John H. Cassidy, Jr.*, for the appellants (defendants Merrill and Murray) in each case.

*Samuel C. Derman*, for the appellees (plaintiffs) in the second case.

*Kenneth J. Zarrilli*, with whom, on the brief, were *Edward J. Lang, Burton J. Jacobson* and *Alfred A. D'Amore*, for the appellee (plaintiff) in the first case.

SHEA, J. These two cases were tried together and the appeals to this court were combined. Practice Book § 382. The actions arose out of an automobile accident on October 23, 1953, at the intersection of Main and Vangard Streets in Bridgeport. Four vehicles were involved. A truck owned by the defendant George F. Murray, Jr., and operated by his agent, the defendant James F. Merrill, crashed into the rear of a station wagon owned by the defendant

Jay James Camera Shop, Inc., and operated by its agent, the defendant Howard S. Bader. The force of the blow drove the station wagon into the rear of a car owned and operated by Ralph Cascella, the plaintiff in the first case, causing it, in turn, to strike the rear of a car owned and operated by Charles Minotti, the plaintiff in the second case, in which the plaintiff Alan Perry was a passenger. Minotti and Perry sued the owners and drivers of the other vehicles involved in the collision. Before the trial, Minotti died from causes unconnected with the accident and Joan M. Aube, administratrix of his estate, was substituted as party plaintiff. In the Minotti case, the court granted a motion for nonsuit as to the defendants Ralph and Louise Cascella. Ralph Cascella, as plaintiff, instituted an action against Jay James Camera Shop, Inc., and its driver, Bader; Murray, the truck owner; and Merrill, the truck driver. In both the Cascella and the Minotti actions, the court directed verdicts in favor of Jay James Camera Shop, Inc., and Bader. The jury rendered a verdict for each plaintiff against the other defendants, Murray and Merrill. They appealed from the judgments, assigning as error certain rulings on evidence, the failure of the court to limit counsel in argument before the jury, and the charge to the jury. The defendant Merrill assigned as error the denial of a motion by his counsel for permission to withdraw from the cases.

When the trial of these cases began, counsel for the defendants Merrill and Murray, hereinafter called the defendants, informed the court that he had been unable to locate Merrill. On the second day of the trial, counsel notified the court that he had reached Merrill in Massachusetts by telephone and had requested him to appear in court. Selection

of the jury was completed that day. When Merrill failed to appear, counsel orally moved for permission to withdraw as his attorney. The court denied the motion. Counsel was provided for the defendants by contract with Murray's insurer, Merrill being protected under the policy as the operator of the truck owned by Murray. Counsel claimed that Merrill had violated the contract of insurance by failing to co-operate with the insurer and that, therefore, counsel should be permitted to withdraw from Merrill's defense.

The right of an attorney to withdraw from employment, once assumed, arises only from good cause. Canons of Professional Ethics, No. 44, Practice Book, p. 13. "No attorney shall withdraw his appearance . . . without the leave of the court. No application for such withdrawal shall be granted until the court is satisfied that reasonable notice has been given to the party . . . represented by the attorney . . . ." Practice Book § 49. The right of counsel to withdraw from any case is a matter which rests within the sound discretion of the court, and this is particularly so where permission is sought during the course of the trial and in the absence of formal notice to the client. *Linn* v. *Superior Court,* 79 Cal. App. 721, 725, 250 P. 880; *Spector* v. *Greenstein,* 85 Pa. Super. 177, 179. Any question concerning coverage under the contract of insurance was foreign to the issues presented in this case and could not be determined upon the motion of counsel to withdraw. The court did not err in denying the motion.

During the trial, the court, over the objection of counsel on behalf of the defendant Murray, permitted the plaintiff Perry to relate a conversation between him, Minotti and Merrill at the scene of the

accident some time after it occurred. At another time, a police officer testified about conversations with all the car operators in the absence of Murray. The latter's attorney objected to the testimony concerning these conversations on the ground that Merrill had no authority to make admissions binding on Murray, that no evidence had been offered to show that the statements made by the operators, including Merrill, were spontaneous utterances, and that the conversations were hearsay. The court overruled the objections and permitted Perry to testify that Merrill had stated that he was going forty-five miles per hour before the accident and that he put on his brakes and nothing happened. The officer testified as to what each driver had told him about the accident and that Merrill had said that he did not see the vehicle stopped in front of him, that he tried to swing out, but that he still made contact with it.

The declarations of an agent as to how an accident happened, made some time after it occurred, are mere recitals of a past event and are inadmissible in evidence against his principal. As to the latter, such declarations are objectionable as hearsay. *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 399, 71 A. 553. Nor was Merrill the agent of Murray for the purpose of making admissions which were binding on the latter. *Graham* v. *Wilkins*, 145 Conn. 34, 41, 138 A.2d 705; *Fairbanks* v. *State*, 143 Conn. 653, 658, 124 A.2d 893; *Wade* v. *Yale University*, 129 Conn. 615, 618, 30 A.2d 545. Likewise, the evidence was inadmissible as spontaneous utterances. The factors to be considered in determining whether certain statements or declarations fall within this exception to the hearsay rule are set forth in *Perry* v. *Haritos,* 100 Conn.

476, 484, 124 A. 44. The ultimate question is whether the utterance was spontaneous and unreflective and made under such circumstances as to indicate absence of opportunity for contrivance and misrepresentation. The trial judge must decide, as a preliminary question, whether the declarant had an opportunity for deliberation and reflection and whether the utterance was a spontaneous one. *Perry* v. *Haritos,* supra, 485. Here, the record is barren of any information concerning the circumstances under which the statements were made. No foundation was laid for the admissibility of these statements as spontaneous utterances. The testimony could well have been of importance to the jury, for there were no eyewitnesses to the accident. The admission of this evidence against Murray constituted reversible error.

The effect of these rulings was emphasized by the court's charge to the jury as follows: "Now, in the event you should find the defendant, Merrill guilty of negligence that was a substantial factor in producing the injuries in these cases, you will then also hold the owner as a matter of law; in other words, you will hold the two of them rather than just one." Because the evidence discussed above was inadmissible against Murray, the court erred in charging as it did.

Both defendants complain because the court failed to instruct the jury to disregard the argument of the plaintiff Cascella which suggested to the jury a mathematical formula for use in fixing damages. Apparently the defendants either did not consider the argument of sufficient importance to object to it at the time it was made or preferred to wait until the conclusion of the charge to the jury before making any reference to it. The trial court is in-

vested with a large discretion with regard to the arguments of counsel, and while its action is subject to review and control, we can interfere only in those cases where the discretion was clearly exceeded or abused to the manifest injury of some party. *James* v. *Bowen,* 83 Conn. 702, 706, 78 A. 420. The failure, here, to take exception to the remarks at the time they were made or at the close of the argument constituted a waiver of the right of the defendants to press this claim of error. *State* v. *Kirschenbaum,* 109 Conn. 394, 409, 146 A. 837; *Kurland* v. *Massachusetts Amusement Corporation,* 307 Mass. 131, 140, 29 N.E.2d 749. In the absence of such an exception by the defendants, a motion for mistrial, or a request to charge made before the charge, we cannot say that the trial court abused its discretion. *Weller* v. *Fish Transport Co.,* 123 Conn. 49, 61, 192 A. 317; *Altieri* v. *Peattie Motors, Inc.,* 121 Conn. 316, 322, 185 A. 75; *State* v. *Laudano,* 74 Conn. 638, 646, 51 A. 860.

The defendants gain nothing by their exception to that portion of the charge relating to the failure of Merrill to testify as a witness. It was not incumbent upon the plaintiffs to offer evidence to show that Merrill was available to testify. The duty of explaining his failure to testify rested on the defendants. *Dawson* v. *Davis,* 125 Conn. 330, 334, 5 A.2d 703; *Ezzo* v. *Geremiah,* 107 Conn. 670, 677, 142 A. 461; *Turner* v. *Scanlon,* 146 Conn. 149, 161, 148 A.2d 334. The court did not err in permitting the plaintiffs in the Minotti case a short additional time for argument. *Miller* v. *Perlroth,* 95 Conn. 79, 85, 110 A. 535.

Upon the appeals of the defendant Merrill, there is no error in either case.

Upon the appeals of the defendant Murray, there

is error in both cases, the judgments are set aside and new trials are ordered solely on the issue whether the defendant Murray is liable to the plaintiffs, Ralph Cascella, Joan M. Aube, and Alan Perry; if, on this issue, verdicts finding the defendant Murray liable are returned, judgments are to be rendered that the plaintiffs recover from the defendants Merrill and Murray the damages found due to the plaintiffs in the judgments appealed from; but if, on this issue, verdicts that the defendant Murray is not liable are returned, judgments are to be rendered finding the issues for him.

In this opinion BALDWIN, C. J., KING and MELLITZ, Js., concurred; MURPHY, J., also concurred in the opinion but expressed the view that the remand should be for a new trial on all issues.