DOMINGOS ROBLES *v.* BEN LAVIN ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued November 15—decision released November 28, 1978

*Daniel D. McDonald,* for the appellants (defendants).

*T. Paul Tremont,* with whom, on the brief, was *Robert R. Sheldon,* for the appellee (plaintiff).

PER CURIAM. On the basis of the evidence presented, the jury could have found the following: The defendants own a multiple dwelling located on Maple Street in Bridgeport. The plaintiff was a social guest at Andre Mendoza's apartment, which was a duplex with rooms on both the ground floor and first floor. Access to the Mendoza apartment was gained by means of a common, outside staircase which led to a landing and into a common hallway from which one could either enter the Mendoza apartment or go up another staircase to an apartment on the second floor.

There was a light fixture located under the cornice of the porch at the top of the common, outside staircase.

On the morning of August 31, 1974, the defendant Ben Lavin went to collect the rent, as was his weekly custom. At that time there was no light bulb in the fixture at the top of the common stairway. He never checked this outside light because he felt that it was not his responsibility. On that morning, the garbage cans were full and there was an accumulation of broken glass, beer cans and junk in the area at the bottom of the outside staircase. There was a window frame with broken glass and no pane of glass in the lower portion of the ground floor store-

room adjacent to this area. Mendoza had complained to Lavin about the broken glass and windowpane approximately one month previously, but nothing was done.

On that evening, the plaintiff was a visitor at a party held in the Mendoza apartment to celebrate the baptism of a daughter. The plaintiff left the apartment by the outside staircase. It was dark and there was no light on the outside staircase. Contrary to the defendants' claim, the plaintiff had no bottle in his hand when he left the party. As he was proceeding down the staircase, he was caused to fall and severely cut his left hand and arm on the accumulation of glass at the bottom of the staircase.

His hand was bleeding profusely and a man whom he did not know volunteered to take him to the hospital. At the hospital, the plaintiff told his companion to tell the hospital authorities his name and address. At no time did he state that he slipped on the staircase with a bottle in his hand.

The jury returned a verdict for the plaintiff and the defendants have appealed, assigning error in an evidentiary ruling and in the charge to the jury.

During the course of the trial, the plaintiff sought to introduce the hospital record with the exception of the following notation: "Friend states pt. fell down stairs with a bottle & cut L hand." The defendants claim that the person with the plaintiff was acting as agent for the plaintiff and as such his statements should not be excluded as hearsay evidence. The defendants point to no evidence to support an implied agency other than the fact that the "friend" accompanied the plaintiff to the hospital, and that the plaintiff, who evidently did not

speak English, told the "friend" to tell the hospital authorities the plaintiff's name and address and that he had fallen.

An agency relationship must be proved by a fair preponderence of the evidence. *Iodice* v. *Rusnak,* 143 Conn. 244, 247, 121 A.2d 275. Before evidence can be admitted to show what an agent said, it must be established that the agent was authorized by the principal to make an admission. *Wade* v. *Yale University,* 129 Conn. 615, 618, 30 A.2d 545. No evidence relating to such authority was offered by the defendants. Further, the statements of an agent as to how an accident happened, made some time after it occurred, are mere recitals of a past event and are inadmissible in evidence against his principal. Such statements are objectionable as hearsay. *Cascella* v. *Jay James Camera Shop, Inc.,* 147 Conn. 337, 341, 160 A.2d 899; *Morse* v. *Consolidated Ry. Co.,* 81 Conn. 395, 399, 71 A. 553. The court was not in error in disallowing the statement in question to be introduced in evidence.

The claim that the court erred in its charge relating to the landlord's duty to exercise reasonable care in the lighting of the common, outside staircase needs no comment other than to state that the charge was correct in law and sufficient to guide the jury in their determination of that issue. *State* v. *Williams,* 169 Conn. 322, 336, 363 A.2d 72.

There is no error.