[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is an independent contractor residing in Hartford, Connecticut. The defendant is an insurance company with a principal place of business in Hartford, Connecticut.
The plaintiff brought this action in two counts, seeking monetary damages arising out of an alleged breach of an oral employment contract between the defendant herself. In the first count, the plaintiff alleges that the defendant guaranteed her two separate six-week periods of employment, the first to be fulfilled between July 30 and September 27, 1991; and the second between September 16 and November 15, 1991. She further alleges that the defendant breached its agreement by providing only a portion of the work. In the second count, the plaintiff alleges that the defendant's conduct violated the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes Sec. 42-110 (a) et seq.
The defendant in its answer, either denied the allegations of the complaint or left the plaintiff to her proof.
First Count — Breach of Contract
The first question raised by the defendant was whether the CIGNA Corporation was the proper defendant. The answer is no.
The plaintiff failed to prove by the preponderance of the evidence that the oral contract claimed by the plaintiff was with CIGNA Corporation. The better and weightier evidence indicated that the alleged contract, if any, was between the plaintiff and Connecticut General Life Insurance Company, a subsidiary of the CIGNA Corporation, CT Page 11773 but still a separate entity which should have been sued. While still pro se, the plaintiff was notified by defendant's counsel that she had brought the action against the wrong defendant, but she and her attorney did not amend the complaint.
Assuming, arguendo, that the proper defendant had been sued, the plaintiff failed to prove by a preponderance of the evidence that Norma Johnson, the alleged agent of the defendant corporation, had authority to bind the defendant.Munson v. United Technologies Corporation, 28 Conn. App. 184,188 (1992), Robles v. Lavin, 176 Conn. 281, 284,407 A.2d 959 (1978). This is an essential element which must be proven even if the proper corporation had been sued.
SECOND COUNT (CUTPA)
In view of the decision on the first count, a decision on this count becomes moot.
Judgment may enter for the defendant on both counts.
Harold M. Missal State Judge Referee