ANTONIO CHIEFFALO *v.* NORDEN SYSTEMS, INC.
(AC 16405)

Foti, Landau and Daly, Js.

Argued December 8, 1997—officially released July 21, 1998

*Stefan Underhill*, for the appellant-appellee (defendant).

*Stephen J. Conover*, for the appellee-appellant (plaintiff).

*Opinion*

DALY, J. The defendant, Norden Systems, Inc., appeals from the judgment of liability and award of damages, rendered after a jury trial, for breach of an implied employment contract. On appeal, the defendant claims that the trial court improperly denied its motion to set aside the verdict and denied, in part, its motion for judgment notwithstanding the verdict. The plaintiff, Antonio Chieffalo, cross appeals, claiming that the trial court improperly granted, in part, the defendant's motion for judgment notwithstanding the verdict as to the count of negligent infliction of emotional distress. We affirm the judgment in part and reverse it in part.

The plaintiff brought a complaint alleging (1) breach of an implied employment contract by termination without just cause, (2) breach by termination without review by peer review panel and (3) negligent infliction of emotional distress. The jury returned a verdict for the plaintiff on the first and third counts. The defendant filed posttrial motions (1) to set aside the verdict, (2)

for a remittitur and (3) for judgment notwithstanding the verdict. The trial court granted the motion for judgment notwithstanding the verdict on the count of negligent infliction of emotional distress and denied the remaining motions. Accordingly, the trial court rendered judgment for the plaintiff on his claim of breach of implied contract and for the defendant on the remaining counts.

The jury reasonably could have found the following facts. The plaintiff was initially hired by the defendant on October 24, 1966. He was promoted and was eventually made a supervisor in the defendant's information systems department. In January, 1985, he voluntarily resigned for personal reasons. Several months later, the plaintiff sought reemployment with the defendant and was interviewed by information systems manager Frank Marini. The plaintiff was eventually rehired by the defendant on August 12, 1985.

In 1990, the plaintiff unsuccessfully applied for the position of manager of the information systems department. The position was given to a peer, John Mercurio. The plaintiff's working relationship with his supervisor and peers deteriorated and culminated in his refusal to accept a temporary assignment to participate in a team project. The plaintiff was told that his refusal to participate would result in his termination, but he continued to refuse. He was subsequently fired by Mercurio in front of another employee and was escorted from Mercurio's office in view of approximately twenty employees.

I

The defendant claims that the trial court improperly denied its motion to set aside the verdict. On appeal, the defendant raised several claims, one of which we

find dispositive.[1] Specifically, the defendant claims that the motion should have been granted because the trial court improperly admitted into evidence a hearsay statement of an agent against the principal without supporting evidence to show that the agent was authorized to make such a statement. It argues that without the statement of the agent, the jury could not reasonably and legally have found that an implied employment contract existed. We agree.

Over objection, the plaintiff was allowed to testify concerning a statement allegedly made by Marini during his interview of the plaintiff in 1985. The plaintiff testified that Marini had told him that "I would be given an opportunity to reestablish myself and, assuming that I went back to my prior levels prior to my resignation, that I would have continued employment with [the defendant]." The plaintiff relies on this statement to support the jury's finding of an implied employment contract.

"Our standard of review, where the trial court's action on a motion to set aside a verdict is challenged, is whether the trial court clearly abused its discretion. . . . The decision to set aside a verdict is a matter within the broad legal discretion of the trial court and it will not be disturbed unless there has been a clear abuse of that discretion. . . . *McKee* v. *Erikson*, 37 Conn. App. 146, 148, 654 A.2d 1263 [cert. denied, 233 Conn. 908, 658 A.2d 980] (1995); see also *Palomba* v. *Gray*, 208 Conn. 21, 25, 543 A.2d 1331 (1988). . . . *White* v. *Edmonds*, 38 Conn. App. 175, 182, 659 A.2d 748 (1995). The trial court may set aside a jury's verdict

---

[1] The defendant claims that the trial court (1) miscalculated the amount of economic damages, (2) allowed admission of a statement by an agent against the principal without evidence that the agent was authorized to make the statement, (3) failed to charge the jury on disclaimers of contractual intent, (4) allowed a verdict to stand that was not supported by sufficient evidence and (5) charged the jury improperly in several other areas.

only if it finds that the jury could not reasonably and legally have reached its conclusion. *Mulligan* v. *Rioux*, 229 Conn. 716, 726, 643 A.2d 1226 (1994), on appeal after remand, 38 Conn. App. 546, 662 A.2d 153 (1995)." (Internal quotation marks omitted.) *Mezes* v. *Mead*, 48 Conn. App. 323, 328, 709 A.2d 597 (1998).

The statement made by Marini was hearsay and was not admissible against the principal simply because Marini, an agent, was an employee of the defendant. "The mere existence of an employment relationship without more does not render statements of an employee admissible against an employer. *Liebman* v. *Society of Our Lady of Mount St. Carmel, Inc.*, 151 Conn. 582, 586, 200 A.2d 721 (1964). Before evidence can be admitted to show what an agent said, it must be established that the agent was authorized by the principal to make an admission. *Robles* v. *Lavin*, 176 Conn. 281, 284, 407 A.2d 959 (1978); *Hartford National Bank & Trust Co.* v. *DiFazio*, 6 Conn. App. 576, 586, 506 A.2d 1069 [cert. denied, 200 Conn. 805, 510 A.2d 192] (1986). The agency relationship must be proved by a fair preponderance of the evidence. *Robles* v. *Lavin*, supra [284]; *Leary* v. *Johnson*, 159 Conn. 101, 105, 267 A.2d 658 (1970)." (Internal quotation marks omitted.) *Munson* v. *United Technologies Corp.*, 28 Conn. App. 184, 188, 609 A.2d 1066 (1992).

Even if we assume that Marini's "promise" of continued employment meant that the plaintiff could be terminated only for just cause, the plaintiff still must establish by a preponderance of the evidence that Marini was authorized by the defendant to make such an admission. Id. No such evidence was offered, and the statement remained inadmissible hearsay.

Accordingly, to prevail on the count of his complaint alleging the existence of an implied contract, the plaintiff had the burden of proving by a fair preponderance of the evidence that the employer had agreed, either

by word or action, to undertake some form of actual contractual commitment to him under which he could not be terminated without just cause. This the plaintiff failed to do. Marini's inadmissible statement was crucial to the plaintiff's cause of action. It was timely objected to, and the trial court improperly admitted the statement.

In light of our determination that the trial court improperly admitted Marini's statement, we conclude that its admission constituted harmful error because without Marini's statement, the plaintiff did not present sufficient evidence to establish that he was anything other than an employee at will.[2] The jury could not reasonably and legally have reached the conclusion that the defendant breached an implied employment contract. Therefore, we hold that the trial court improperly denied the defendant's motion to set aside the verdict and direct the trial court to render judgment for the defendant.

## II

The plaintiff cross appeals from the trial court's granting of the defendant's motion for judgment notwithstanding the verdict as to the count of negligent infliction of emotional distress. We affirm that portion of the trial court's judgment.

The jury returned a verdict in the plaintiff's favor on the count of negligent infliction of emotional distress and awarded damages in the amount of $25,000. The defendant filed a motion for judgment notwithstanding the verdict on the basis of insufficient evidence, which was granted by the trial court.

Our Supreme Court has consistently held that a defendant is not liable for emotional distress unless the defendant, or its agents or servants, should have realized that

---

[2] In support of his claim, the plaintiff also offered various policy guides prepared by the defendant containing explicit disclaimer language.

its conduct involved an unreasonable risk of causing the distress, and from the facts known to it, its agents should have realized that the distress, if it were caused, might result in illness or bodily harm. *Montinieri* v. *Southern New England Telephone Co.*, 175 Conn. 337, 345–46, 398 A.2d 1180 (1978). "This part of the *Montinieri* test essentially requires that the fear or distress experienced by the plaintiffs be reasonable in light of the conduct of the defendants. If such a fear were reasonable in light of the defendants' conduct, the defendants should have realized that their conduct created an unreasonable risk of causing distress, and they, therefore, properly would be held liable. Conversely, if the fear were unreasonable in light of the defendants' conduct, the defendants would not have recognized that their conduct could cause this distress and, therefore, they would not be liable." *Barrett* v. *Danbury Hospital*, 232 Conn. 242, 261–62, 654 A.2d 748 (1995).

The jury's verdict must stand if it could reasonably and legally have reached its conclusion. *Mezes* v. *Mead*, supra, 48 Conn. App. 328. The correctness of the trial court's denial of the motion to set aside the verdict or for judgment notwithstanding the verdict must be tested by viewing the evidence in the light most favorable to the sustaining the verdict. *Bartone* v. *Robert L. Day Co.*, 232 Conn. 527, 536, 656 A.2d 221 (1995); *Chanosky* v. *City Building Supply Co.*, 152 Conn. 642, 643, 211 A.2d 141 (1965).

The trial court held that "[a]fter reading the actual trial transcripts as to the evidence on this issue . . . the court can find no evidence to support a finding by the jury of unreasonableness in the manner that the plaintiff was terminated. The trial record is void of any evidence, either direct or circumstantial, that is necessary to support the jury's finding. On the evidence presented, the jury could not 'reasonably and legally have reached [its] conclusions.' There was no evidence

that the manner of the plaintiff's termination from employment was different in any way from the usual termination of employment or that it was done in any way that would cause anything more than the normal upset that would result from any termination of employment. There was no evidence to prove that the defendant [or its agents] knew or should have known that [their] conduct in the termination process involved an unreasonable risk of causing emotional distress that might result in illness or bodily harm."

We agree with the trial court that the plaintiff failed to meet his burden of proof. That court properly granted the defendant's motion for judgment notwithstanding the verdict as to the count of negligent infliction of emotional distress.

The judgment is reversed on the appeal only as to the first count alleging the breach of an implied contract of employment and the case is remanded with direction to render judgment for the defendant on that count.

In this opinion the other judges concurred.