[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108
The issue before the court is whether the plaintiff has adequately alleged a cause of action for negligent infliction of emotional distress arising from her termination as a technician assistant with Bridgeport Hospital.
The plaintiff, Arlie Thompson, brings this eleven count amended complaint (complaint) against her former employer, Bridgeport Hospital, alleging breach of express and implied contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, negligent infliction of emotional distress, negligent misrepresentation and violation of several Connecticut and federal statutes arising from termination of her employment with the defendant hospital. The defendant now moves to strike count five, alleging negligent infliction of emotional distress, for failure to state a claim upon which relief can be granted.
The plaintiff alleges the following facts. In October, 1997, the defendant orally informed the plaintiff, a nine year employee then working as a technician assistant, that her department was closing and that she would be informed as to layoff procedures at some future time. However, despite repeated requests, the plaintiff did not receive written notice that she would be laid off or any information as to layoff procedures. In November, 1997, the plaintiff's supervisor orally informed her that she would be terminated effective December 1, 1997. At the time of her layoff, the plaintiff did not receive severance pay, accrued vacation pay and other benefits and pay due. In January, 1998, after she was terminated, the plaintiff received a written unemployment notice.
The defendant notified the plaintiff in December, 1997, that a business/clerical position was available within the hospital. She accepted the position and was scheduled to begin employment on January 12, 1998. The hospital sent her for a new security badge, measured her for a new uniform and gave her a security password for the computer system. Relying on the hospital's offer, the plaintiff also quit her part-time morning jobs, which conflicted with the hours required in the new position. Shortly CT Page 15579 thereafter, the defendant informed her of a test requirement. When the plaintiff did not pass the test, the defendant revoked its offer. The plaintiff requested copies of her exam and the answer key, but the defendant refused to provide them. The defendant also did not respond when she asked to see her personnel file. The plaintiff alleges that she has suffered emotional distress and physical harm as a result of the defendant's conduct.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies, 240 Conn. 576, 580,693 A.2d 293 (1997).
The defendant argues that, although the defendant's conduct may have upset or annoyed the plaintiff, it does not rise to the level of misconduct required to maintain an action for negligent infliction of emotional distress.
The plaintiff replies that her allegations are legally sufficient as to the defendant's unreasonable and negligent conduct, which consisted of giving her little advance warning of her termination, failing to provide her with written notice prior to her termination, failing to give her severance pay, accrued vacation pay and other benefits due and revoking the offer of the clerical/business position after she accepted it. The plaintiff thus concludes that the defendant knew, or should have known, that its conduct would be likely to cause her emotional distress resulting in illness or bodily harm.
In stating a claim for negligent infliction of emotional distress, "the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm. . . . Accordingly, negligent infliction of emotional distress in the employment context arises only where it is based CT Page 15580 upon unreasonable conduct of the defendant in the termination process. . . . The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." (Internal quotation marks omitted; citations omitted.) Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 88-89, 700 A.2d 655 (1997). There must be "evidence that the manner of the plaintiff's termination from employment was different . . . from the usual termination of employment or that it was done in [a] way that would cause . . . more than the normal upset that would, result from any termination of employment." Chieffalo v. Nordem Systems,Inc., 49 Conn. App. 474, 480-81, 714 A.2d 1261 (1998).
Connecticut courts have consistently held that lack of advance warning or written notification is insufficient evidence that an employer acted unreasonably in terminating an employee-at-will. See Pavliscak v. Bridgeport Hospital,48 Conn. App. 580, 598, 711 A.2d 747 (1998) (where an employee-at-will, after returning to work from a vacation, was informed that she would be terminated, effective immediately); Parsons v. UnitedTechnologies Corp., supra, 234 Conn. 89 (where an employee-at-will was terminated and escorted from his office within two hours after he refused to travel on business to a foreign country because of unstable conditions in the region). Here, the allegations imply that the plaintiff was an employee-at-will and could be fired at any time. The complaint alleges that the defendant first told the plaintiff in October, 1997, more than one month before her termination, that her department would be closing. The complaint also alleges that the defendant informed the plaintiff in the month of November, well before her actual termination, that she would be terminated December 1, 1997. The fact that the defendant chose to give the plaintiff oral rather than written notice, and did not respond to her requests for information as to layoff procedures, is irrelevant. See Pavliscakv. Bridgeport Hospital, supra, 48 Conn. App. 598 (where the plaintiff was informed of her termination in a private meeting with her supervisors). Accordingly, the defendant's actions in terminating the plaintiff, as alleged in the plaintiff's complaint, were not unreasonable, were not done in a way that would cause more than the normal upset associated with termination of employment and do not support a claim for negligent infliction of emotional distress. See Chieffalo v.Nordem Systems, Inc., supra, 49 Conn. App. 481. CT Page 15581
The plaintiff also alleges that she suffered emotional distress because she did not receive severance pay, accrued vacation pay and other benefits and pay due. However, the plaintiff does not allege that she had an agreement with the defendant or that a hospital policy existed at the time of her termination that entitled her to severance pay and other benefits. Moreover, even if she had made such allegations, breach of an agreement or a hospital policy by the defendant, without more, would not be a sufficient basis on which to claim emotional distress. See Dowling v. First Federal Bank, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533172 (June 30, 1995, Corradino, J.) (where the court struck a claim for negligent infliction of emotional distress based on factual allegations made in support of a breach of contract claim). "[T]he ordinary rule is that mere breach of contract does not warrant recovery of . . . mental distress damages." (Internal quotation marks omitted.) Id. "That doesn't mean that the same conduct that caused the breach of contract couldn't form the basis for a claim for infliction of emotional distress but the breach of contract basis for such a claim as such is inappropriate." Id. Exceptions to this rule would be cases "where because of the nature of the contracted for activity damages for emotional distress would have been contemplated by the parties . . . [or] where the contract created a special status or relationship between the parties so that some of the defendant's conduct is tortious even though it would not be tortious without the contract . . ." Id. In the present case, however, the plaintiff does not allege facts establishing that the defendant should have anticipated that the plaintiff would suffer emotional distress due to loss of severance pay, accrued vacation pay or other benefits at the time of her termination. Nor does the plaintiff allege that she had a special status or relationship with the hospital that would have made failure to give her severance pay and other benefits tortious conduct in the absence of an agreement or hospital policy. Therefore, here, as inDowling, the plaintiff's allegations are insufficient to support her claim of emotional distress.
In Lund v. Stem Co., judicial district of Hartford-New Britain at New Britain, Docket No. 463413 (April 4, 1995,Stengel, J.), the court adopted a different approach to reach a similar result. In that case, the plaintiff claimed negligent infliction of emotional distress due to loss of insurance benefits following employment termination. The court focused on CT Page 15582 the defendant's conduct, or behavior, rather than on breach of an agreement or company policy, in concluding that the plaintiff's allegations as to loss of benefits did not constitute"unreasonable conduct occurring at the time of the discharge"
because they did not establish that "any . . . aspect of the actual discharge was done in an inconsiderate, humiliating or embarrassing manner. . . ." (Emphasis added.) Id. In this case, the plaintiff also fails to allege that loss of pay and benefits constituted "unreasonable conduct," or behavior, at the time of discharge that was "inconsiderate, humiliating or embarrassing." Id. Accordingly, under Lund, the plaintiff's allegations regarding loss of pay and benefits do not support her claim for negligent infliction of emotional distress.
Allegations that the defendant acted unreasonably in revoking the business/clerical position must also fail because they relate not to the "termination process," but to the hiring process. SeeParsons v. United Technologies Corp., supra, 243 Conn. 88. Although the plaintiff accepted the defendant's offer, she had not yet started her new job when the defendant imposed a test and apparently on its result decided not to hire her. Furthermore, even if revocation of the business/clerical position could be considered a second "termination," which the plaintiff does not allege, the court still does not find the defendant's conduct unreasonable. The plaintiff does not deny that she was an employee-at-will or allege that the test she was asked to take was unrelated to the requirements of her new job. It is unfortunate that she quit her part-time employment in reliance on the defendant's offer. However, the defendant's decision not to hire the plaintiff after she failed the required test does not, as a matter of law, support a finding of negligent infliction of emotional distress in the employment context.
Accordingly, for all of the foregoing reasons, the court grants the defendant's motion to strike count five of the plaintiff's complaint.
NADEAU, J.