MARGARITA MELO ET AL. *v.*
CHARLES SPENCER, JR.
(AC 20227)

Lavery, C. J., and Landau and Freedman, Js.

Argued January 16—officially released April 10, 2001

*Michael T. Bologna,* with whom, on the brief, were *Dominick J. Rutigliano* and *Gwen E. Murray,* for the appellant (defendant).

*Eugene A. Skowronski,* for the appellees (plaintiffs).

*Opinion*

FREEDMAN, J. The defendant, Charles Spencer, Jr., appeals from the judgment of the trial court rendered after it granted the motion filed by the plaintiffs[1] to set aside the jury verdict for the defendant and ordered a new trial in this negligence action. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The plaintiffs brought this action for damages sustained in an automobile accident that occurred on January 14, 1995, when the plaintiffs' vehicle struck the defendant's vehicle. The plaintiffs maintained at trial that the defendant caused the accident by making a darting left turn

---

[1] The plaintiffs are Margarita Melo and Sara Epifano.

in front of them from a northbound, nonturning lane against a traffic signal that required him to stop. The defendant asserted that he had turned left on a green arrow from the proper lane when the plaintiffs' vehicle in a far right southbound lane struck him after he had gone through the intersection and was entering the cross street.

Following a trial, the jury returned a verdict in favor of the defendant. The plaintiffs then filed a motion to set aside the verdict, claiming, inter alia, that they were improperly precluded from presenting expert testimony from Officer Vincent Vizzo of the Derby police department due to the court's mistaken belief that Vizzo had not been disclosed as an expert witness pursuant to Practice Book § 13-4.[2] The court granted the motion, stating in its memorandum of decision: "Because the jury was deprived of expert opinion evidence concerning inferences to be drawn by the investigating officer as to the cause of the collision due to a mistaken ruling by the court, the motion is granted." The defendant then filed the present appeal.

"Our standard of review, where the trial court's action on a motion to set aside a verdict is challenged, is whether the trial court clearly abused its discretion. . . . The decision to set aside a verdict is a matter

---

[2] Practice Book § 13-4 (4) provides in relevant part: "[A]ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. . . . If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed after a reasonable time prior to trial, such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party; or (B) will cause undue interference with the orderly progress of trial in the case; or (C) involved bad faith delay of disclosure by the disclosing party. . . ."

within the broad legal discretion of the trial court and it will not be disturbed unless there has been a clear abuse of that discretion." (Internal quotation marks omitted.) *Chieffalo* v. *Norden Systems, Inc.*, 49 Conn. App. 474, 477, 714 A.2d 1261 (1998). A trial court has the "inherent power to set aside a verdict where it finds it has made, in its instructions, rulings on evidence, or otherwise in the course of the trial, a palpable error which was harmful to the proper disposition of the case and probably brought about a different result in the verdict." *Munson* v. *Atwood*, 108 Conn. 285, 288, 142 A. 737 (1928). "It is proper for a trial court, using due caution, and in the exercise of its discretion, to set aside a verdict when satisfied that . . . its rulings on evidence were erroneous and that those erroneous . . . rulings were consequential enough to have had a substantial effect on the verdict." *Ardoline* v. *Keegan*, 140 Conn. 552, 555–56, 102 A.2d 352 (1954).

In granting the plaintiffs' motion, the court reviewed the circumstances under which it precluded Vizzo from providing expert opinion testimony. Defense counsel had initially objected to Vizzo being allowed to provide expert opinion testimony on the ground that there was no disclosure pursuant to Practice Book § 13-4. Plaintiffs' counsel countered by stating that he thought he had disclosed Vizzo, but when told that the court could find no evidence of it in the file, the plaintiffs' counsel indicated that he would stand corrected. The court sustained the objection, thus precluding Vizzo from providing expert opinion testimony. A postverdict review of the court file revealed that the disclosure of Vizzo was made two and one-half years before trial and thus, the basis for the court's decision was erroneous.

In its memorandum of decision granting the motion to set aside the verdict, the court stated: "There was a mutual mistake on the part of defense counsel and the court in concluding that no disclosure had been made

and by the plaintiffs' counsel, who after first differing, acceded to the finding that no filing had been made. None of that changes the reality of the situation however. The court's ruling arose out of mistake. The [Practice Book] § 13-4 identification had in fact been made. In fact, the plaintiff had disclosed that Vizzo would opine that the accident was caused by the negligence of the defendant, and on all matters set forth in the police report and the reasonable inferences to be drawn therefrom. The sole ground upon which the objection was made and sustained objectively did not exist." After discussing Vizzo's experience and training, as well as his role in investigating the accident in the present case, the court stated that Vizzo "probably would have been permitted to testify about inferences he drew from the location of the debris as to the point of impact, the relative location of vehicles and other factual circumstances concerning the accident. These factual circumstances were the principal issues litigated, and it was apparent to the court as to where the plaintiffs' counsel was attempting to go with his questions seeking opinion evidence." The court concluded, stating that "after careful review of the transcripts . . . and all of the other evidence in the case," it would create an injustice for judgment to enter on the verdict.

On the basis of our review of the record, and considering the briefs and argument of counsel, we cannot say that the court's decision to set aside the verdict constituted an abuse of discretion. In so holding, we note the defendant's argument that the court sustained his nondisclosure objection with respect to a line of questioning about the sequence of traffic lights and that the plaintiffs never asked Vizzo any questions about the point of impact. Our review of the trial transcript, however, reveals that the court precluded Vizzo from offering opinion testimony and that this was not limited to

questions about traffic lights.[3] Furthermore, contrary to the defendant's claim, once the court sustained the objection on the mistaken ground of nondisclosure, the plaintiff was not required to continue asking questions to elicit Vizzo's opinion. With regard to the defendant's claim that the plaintiffs had a duty to correct the mistake immediately, we again refer to the memorandum of decision in which the court refers to the *mutual* mistake on the part of the plaintiffs' counsel, the defendant's counsel and the court. Neither the plaintiffs' counsel nor the defendant's counsel corrected the mistake prior to the end of trial, although both had the opportunity to do so. In fact, it was the defendant's counsel, who had equal access to the pleadings, who induced the mistake by his objection based on an erroneous premise. Under such circumstances, we decline to hold that the plaintiffs waived their right to argue that Vizzo had been disclosed as an expert.

Finally, the defendant argues that Vizzo's testimony would have been merely cumulative. In that regard, we note that the court, which had firsthand knowledge of the trial and the evidence presented, concluded, rather, that the preclusion of Vizzo's testimony was so significant as to be harmful, thus resulting in the court's granting the motion to set aside the verdict. Specifically, the court stated: "Vizzo was ready to opine about the principal issue in the case, namely where the impact occurred, and that it occurred near or where the plaintiffs said it did rather than where the defendant asserted it happened. This evidence as to what import the location of crash debris on the roadway might have had in determining the point of impact was important to liabil-

---

[3] The court stated to the plaintiffs' counsel at trial: "Really what you are asking [Vizzo] to do—this is a close question. [Defense counsel's] objection is that you are asking [Vizzo] really to offer an opinion about something; and it may be an opinion based on facts, but it is an opinion. . . . He wasn't disclosed as a person who was going to offer expert opinions, even though he may well be qualified to do so. . . . I sustain the objection."

ity issues in the case. If the jury found that the impact occurred where the debris was located in the middle of the intersection in the center southbound lane under the traffic signal, as the plaintiffs claimed, rather than in the cross street where the defendant said it happened, the plaintiffs' contention that the defendant's darting left turn was the negligence which caused the collision would be buttressed." We, therefore, cannot agree with the defendant's claim that Vizzo's testimony would have been cumulative.

The judgment is affirmed.

In this opinion the other judges concurred.