[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The case was referred to an Attorney Trial Referee (ATR), pursuant to Practice Book § 19-3, for a hearing, report and recommendations. The ATR issued a carefully considered report dated July 20, 2000 following a full hearing of the evidence. That report recommended a finding in favor of the plaintiff on its complaint in the amount of $7,824.00 with interest of $2,079.00 plus attorneys fees to be determined. The report also found for the plaintiff on the defendant's counterclaims which included a claim for damage for negligent infliction of emotional harm. Subsequently, the ATR, on the stipulation of counsel, amended the report to award attorney's fees to the plaintiff in the amount of $4,110.00.
The amended ATR report is now before the court. The report evidences an emotion-laden hearing and a conscientious effort by the ATR to render a fair, impartial and thoughtful recommendation. However, in determining a recommendation on the defendant's counterclaim alleging the negligent infliction of emotional harm, the ATR used the incorrect standard for the defendant's burden of proof. The ATR expressly stated that the defendant had the burden of proving the negligent infliction of emotional harm claim by "clear and convincing" evidence. (ATR Report, 2, 9). The court is not aware of any authority for that proposition, and concludes that the defendant's burden is the same as in other tort claims, i.e. preponderance of the evidence. See e.g. Chieffalo v. Norden Systems,Inc., 49 Conn. App. 474 (1998) (no indication that burden of proof is higher than the usual civil standard of preponderance of the evidence);Labow v. Labow, Superior Court, judicial district of Fairfield, CV 82-0210394 (March 15, 1999, Stevens, J.) (preponderance of evidence burden applied in claim of intentional infliction of emotional harm). CT Page 7566
Pursuant to Practice Book § 19-17, and with the consent of counsel, the court refers the matter back to the ATR with the direction to reconsider the report and recommendations and apply the preponderance of the evidence burden to the defendant's counterclaim.
ADAMS, J.